KENTUCKY BAR ASSOCIATION,
Complainant,

v.

**David Paul CHINN, Respondent.**

No. 2002–SC–0505–KB.

Supreme Court of Kentucky.

Sept. 26, 2002.

---

**OPINION AND ORDER**

LAMBERT, Chief Justice.

The Kentucky Bar Association ("KBA") again[1] recommends disciplinary action

---

1. *See Kentucky Bar Association v. David Paul* *Chinn,* Ky., 64 S.W.3d 289 (2002) (imposing a

against Respondent, David Paul Chinn ("Chinn"), who was admitted to the practice of law in the Commonwealth on November 18, 1983 and whose last known address was in Louisville, Kentucky. The Inquiry Commission of the KBA charged Respondent with three (3) violations of the Kentucky Rules of Professional Conduct in connection with his representation of Pam Johnsen, DVM ("Dr. Johnsen") in a bankruptcy action. Count I charged Respondent with a violation of SCR 3.130–1.3 for failing to act with reasonable diligence and promptness on behalf of his client; Count II charged him with a violation of SCR 3.130–1.4(a) for failing to keep his client reasonably informed about the status of her bankruptcy matter and by failing to comply promptly with his client's reasonable requests for information; and Count III charged him with a violation of SCR 3.130–1.16(d) for failing to take steps to protect his client's interests or to refund the unused portion of an advanced fee after he apparently terminated the representation.

Respondent was served with a copy of the Inquiry Commission's charge, but filed no answer to the alleged violations, and, under SCR 3.210(1)'s rule for processing default cases, the Inquiry Commission ordered the record submitted to the KBA Board of Governors. The Board of Governors considered the matter at its regular meeting on May 17, 2002. Pursuant to SCR 3.370(10), we adopt the recommendation of the Board of Governors, find Respondent guilty on all counts, and set his penalty as herein described.

Dr. Johnsen sought Respondent's legal assistance in the spring of 2000, and, at that time, tendered $2,087.50 to Respondent as payment for his representation of her. On June 22, 2000, Respondent filed a bankruptcy petition on behalf of Dr. Johnsen. Unfortunately, this action represents the entirety of the efforts Respondent exerted on Dr. Johnsen's behalf. On July 19, 2000, the Bankruptcy Court entered an order directing the creditor (Dr. Johnsen) and counsel (Respondent) to appear on August 24, 2000 prepared to show cause as to why the action should not be dismissed because of a failure to file a required statement of financial affairs and completed schedules as required by the Bankruptcy Court. Respondent did not inform Dr. Johnsen of the Bankruptcy Court's show cause order. In any event, however, on August 8, 2000, the Bankruptcy Court sua sponte dismissed Dr. Johnsen's bankruptcy action after no one appeared on Dr. Johnsen's behalf at the first creditors' meeting on July 28, 2000. Respondent had not informed Dr. Johnsen of this meeting, and Respondent did not himself appear as Dr. Johnsen's representative.

Although Respondent maintained some contact with Dr. Johnsen at the beginning of the representation, this communication ended after a short time, and Dr. Johnsen's subsequent efforts to contact Respondent were unsuccessful. Dr. Johnsen learned of the dismissal of her bankruptcy action approximately a year after the dismissal and then retained other counsel to refile her petition. While both Dr. Johnsen and her new counsel attempted to contact Respondent, neither was successful.

After examining the record, the Board unanimously found Respondent guilty of all three (3) counts charged by the Inquiry Commission, and recommended that this Court suspend Respondent from the practice of law for a period of two (2) years, and order Respondent both to repay the

thirty (30) day suspension and requiring Respondent to repay an advanced fee for sub-

stantially identical violations of the Kentucky Rules of Professional Conduct).

$2,087.50 Dr. Johnsen advanced him as a fee and to pay the costs of this disciplinary proceeding.

Upon the foregoing facts and charges, this Court adopts the recommendation of the Board of Governors. Respondent, David Paul Chinn, is hereby found guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a), and SCR 3.130–1.16(d). Accordingly, we hereby order that:

(1) Respondent, David Paul Chinn, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of two (2) years. This period of suspension shall commence upon the date of entry of this Opinion and Order.

(2) Respondent is directed to refund $2,087.50 to Pam Johnsen, DVM within thirty (30) days of the entry of this Opinion and Order.

(3) In accordance with SCR 3.450, Respondent is directed to pay costs of $216.55 associated with these disciplinary proceedings against him, for which execution may issue from this Court upon finality of this Opinion and Order.

(4) In accordance with SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order: (a) to the extent possible, cease and desist any advertising activities in which he is engaged; and (b) notify, in writing, all courts in which he may have matters pending, and all clients, of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

ENTERED: September 26, 2002.

/s/ Joseph E. Lambert
  Chief Justice