**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**David P. CHINN (KBA Member No. 11865), Respondent.**

**No. 2004–SC–1010–KB.**

Supreme Court of Kentucky.

Feb. 17, 2005.

**OPINION AND ORDER**

The Kentucky Bar Association (KBA) brought this action against Respondent, David P. Chinn, for violations of SCR 3.130–1.3 (lack of diligence); SCR 3.130–1.4(a) (lack of adequate communication with a client); SCR 3.130–8.3(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and SCR 3.130–8.1(b) (failure to respond in a disciplinary action).

The foregoing ethical violations arose in connection with Respondent's representation of Ricky and Sonya Campbell in bankruptcy and foreclosure proceedings. Respondent informed the Campbells in May 2002 that he had successfully negotiated a repayment plan with their mortgage company and instructed the Campbells to resume making payments. Relying on Respondent's advice, the Campbells made payments to the mortgage company. The mortgage company subsequently returned a payment in August 2002 informing the Campbells that their case was in foreclosure and their house would be sold in September.

The Campbells attempted to contact Respondent on numerous occasions with no response. Respondent did not return their telephone calls. Respondent repeatedly assured the Campbells from July 2002 through September 2002 that there was no problem with the mortgage on their residence, that the foreclosure sale was being cancelled because Respondent knew the Master Commissioner personally, and that the sale date had been scheduled by mistake. The Campbells later hired additional counsel but were unsuccessful in preventing the foreclosure sale. They thereafter learned that Respondent had failed to attend two noticed court hearings in the foreclosure case.

Respondent was served with a bar complaint on April 28, 2003. He failed to respond. The Office of Bar Counsel sent a warning letter dated August 18, 2003, but it was returned as undeliverable. Thereafter, the Sheriff was unable to locate Respondent to serve him with the reminder letter.

The Inquiry Commission then issued a charge against Respondent on April 13, 2004. Respondent was served with a copy of the charge at his bar roster address, but he failed to file an answer or other responsive pleading. He has failed to communicate with the Kentucky Bar Association concerning the charge.

Respondent was previously suspended from the practice of law by Order of this Court for two years with the period of suspension commencing on September 26, 2002. *Ky. Bar Ass'n. v. Chinn*, 84 S.W.3d 458 (Ky.2002). Respondent has not been reinstated to the practice of law. Accordingly, IT IS HEREBY ORDERED that:

1. Respondent, David P. Chinn, is hereby suspended from the practice of law for three years to run consecutively with the current suspension now pending against him.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $244.68, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. If he has not already done so, in accordance with SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order: (a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and (b) notify, in writing, all courts in which he may have matters pending, and all clients for whom he is actively involved, of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

ENTERED: February 17, 2005.

/s/ Joseph E. Lambert
Chief Justice