**KENTUCKY BAR ASSOCIATION, Movant**

v.

**R. Allen McCARTNEY, Respondent.**

**No. 2007–SC–000473–KB.**

Supreme Court of Kentucky.

Sept. 20, 2007.

---

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Respondent, R. Allen McCartney, who was admitted to practice law in Kentucky in 1994, whose Bar Roster Address is 8700 Westport Road, Suite 209, Louisville, Kentucky 40242–3100, and whose KBA Member Number is 81530, be suspended from the practice of law for one year, and be required to undergo remedial legal education and to make restitution to his clients.

The Board's recommendation, as reflected in the Findings of Fact, Conclusions of Law, and Recommendation filed on June 25, 2007, resolves the two disciplinary cases involving Respondent (KBA File Nos. 13770 and 14041) that are currently pending.

### KBA File No. 13770

This disciplinary matter arose from the representation of Rebecca Harvey, who hired Respondent to probate her husband's estate in November 2004. She paid Respondent an advance fee of $250.00 at the time, followed by an additional $500.00 in January 2006, against which Respondent billed his time periodically. In April 2005, the month of the last billing statement she received, Mrs. Harvey had a credit balance of $196.38 with Respondent's office.

Respondent filed the initial petition for probate of the will and to appoint an executor in November 2004. A hearing was set for later that month, but Respondent, without notifying Mrs. Harvey in advance, did not appear. Respondent filed an estate inventory in February 2005. In August 2005, he mailed blank copies of a settlement form to Mrs. Harvey, asking her to sign and return them, which she did by mail. Mrs. Harvey attempted to call Respondent on several occasions thereafter. Respondent took no further action to complete the probate of the will. He subsequently abandoned his law practice. He was suspended from the practice of law on December 1, 2005 for failure to pay bar dues, but failed to notify Mrs. Harvey of this fact. Mrs. Harvey sent him a letter on December 12, 2005, but she received no response and was otherwise unable to contact him or obtain a refund of the advance fee.

A bar complaint was filed against Respondent. Attempts to serve a copy of the complaint by mail and in person by the Jefferson County Sheriff in January and

February 2006 failed, so it was served instead on the Executive Director of the KBA as agent for service under SCR 3.175(2) on February 27, 2006. Respondent failed to answer the bar complaint even though a warning letter was issued, again served to the Executive Director after an attempt at personal service failed.

The Inquiry Commission issued a four-count charge on February 14, 2007. Again, attempts to serve a copy of the charge failed, and service was completed by sending a copy to the Executive Director of the KBA on March 12, 2007. Respondent has not filed an answer to the charge and has not communicated with the KBA in any way concerning the charge. The counts of the charge were (1) failure to protect the client's interests upon termination of representation, SCR 3.130–1.16(d), (2) lack of diligence, SCR 3.130–1.3, (3) lack of adequate communication with the client, SCR 3.130–1.4(a), and failure to respond to an inquiry from a disciplinary authority, SCR 3.130–8.1(b). The Board of Governors voted 17–0 to find Respondent guilty of all four counts.

### KBA File No. 14041

The other disciplinary case arose from the representation of Barbara Bishop, who hired Respondent to probate her mother's estate in June 2004, specifically to negotiate Medicaid's claim on the estate. Ms. Bishop paid an advance fee of $1,000.00, against which Respondent billed his time periodically. Billing statements sent to Ms. Bishop indicated that as of June 20, 2004, Respondent had reviewed the file and Medicaid claim and had contacted the Cabinet for Health and Family Services, and that as of September 1, 2004, he had met with Ms. Bishop and her sister to prepare paperwork. As of this last billing statement, Ms. Bishop had a credit balance of $574.41. On November 7, 2005, Ms.

Bishop received a letter from Health and Family Services indicating that the Medicaid claim had been reduced.

As noted above, in late 2005, Respondent abandoned his law practice and was suspended for non-payment of his bar dues without completing his representation of Ms. Bishop (no probate started) or notifying her of his suspension. Ms. Bishop was subsequently unable to contact him concerning the representation or to determine if the balance on the last billing statement was correct.

A bar complaint was filed against Respondent. Again, attempts to serve a copy of the complaint by mail and in person by the Jefferson County Sheriff in April and May 2006 failed, so it was served instead on the Executive Director of the KBA as agent for service under SCR 3.175(2) on May 17, 2006. Respondent failed to answer the bar complaint even though a warning letter was issued, again served to the Executive Director after an attempt at personal service failed.

The Inquiry Commission issued a second, three-count charge on February 14, 2007. Attempts to serve a copy of this charge also failed, and service was completed by sending a copy to the Executive Director of the KBA on March 12, 2007. Respondent has not filed an answer to the charge and has not communicated with the KBA in any way concerning the charge. The counts of the charge were (1) failure to properly handle or account for client property, SCR 3.130–1.15(b), (2) failure to protect the client's interests upon termination of representation, SCR 3.130–1.16(d), and (3) failure to respond to an inquiry from a disciplinary authority, SCR 3.130–8.1(b). The Board of Governors voted 17–0 to find Respondent guilty of all three counts.

### Recommendation of the Board of Governors

After considering the forgoing facts, the Board voted 17–0 to recommend that Respondent be suspended from the practice of law for one year by this Court, be required to pay full restitution plus interest from the date of his earlier suspension (December 1, 2005) to each client, and be required to attend three hours of remedial ethics education with certain conditions.

Neither Respondent nor Bar Counsel has filed a notice for this Court to review the Board's decision as allowed under SCR 3.370(8). Because the Board's findings and conclusions are supported by the record and the law, and because the sanction recommended by the Board is appropriate in light of Respondent's prior discipline, his failure to respond formally to the charges against him, and the nature of the charges against him, this Court elects not to review the recommendation of the Board as allowed under SCR 3.370(9). The decision of the Board is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Respondent, R. Allen McCartney, is suspended from the practice of law in Kentucky for a period of one year. The period of suspension shall commence on the date of entry of this Order.

(2) Respondent shall complete, at his expense, three hours of remedial ethics education, separate and apart from his fulfillment of any other continuing education requirement, within one year after the entry of this Opinion and Order. The remedial ethics education must be satisfied by Respondent's attendance at live continuing education or adult education programs approved by the KBA Office of Bar Counsel and must be appropriate for the remedial education regarding his ethical obligation to clients, third parties, and the public. Respondent shall not apply for CLE credit of any kind for these remedial hours, even if the course attended is approved for CLE in Kentucky. Respondent will furnish the Office of Bar Counsel with a release and waiver to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect until one year after completion of the remedial education to allow verification that he has not reported any of the remedial education hours to the CLE Commission.

(3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $556.77 for which execution may issue from this Court upon finality of this Opinion and Order.

(4) Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association, assuming that this is necessary given that he was already suspended from the practice of law. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

LAMBERT, C.J.; CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur.

ABRAMSON, J., not sitting.

Entered: September 20, 2007.

/s/ Joseph E. Lambert

CHIEF JUSTICE