**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Jamal A. KOURY, Respondent.**

**No. 2010–SC–000023–KB.**

Supreme Court of Kentucky.

April 22, 2010.

### OPINION AND ORDER

The Kentucky Bar Association (KBA) Board of Governors moves this Court to adjudicate Jamal A. Koury, whose KBA member number is 91224, guilty of violating SCR 3.130–3.4(c), SCR 3.130–5.5(a), and SCR 3.130–8.1(b), and to order that he be suspended from the practice of law for a period of 181 days. Koury was admitted to practice law in the Commonwealth of Kentucky on May 1, 2006, and his bar roster address is 7809 Warwick Avenue, Louisville, Kentucky 40222. Based upon the findings and conclusions of the Board of Governors, we adjudicate Koury guilty of the charged offenses and impose the recommended sanction.

This disciplinary proceeding was commenced after Koury continued to practice law despite receipt of notification that his license had been suspended for failure to pay bar dues. Although he personally signed the return receipt for the order of suspension, dated February 14, 2007, he proceeded to handle over a dozen cases and filed a brief in the Court of Appeals. Six months after his suspension, Deputy Bar Counsel sent Koury a letter informing him that the Office of Bar Counsel had received information that he may be engaging in the unauthorized practice of law. Koury replied, acknowledging receipt of the suspension notice and expressed a willingness to cooperate in resolving the matter. Nevertheless, Koury continued to practice law for the next six months, at which time the KBA sent Koury a "cease and desist" letter.

In April 2008, an Inquiry Commission Complaint was filed and sent to Koury via certified mail, but a return receipt was never received. About six weeks later, Koury was served by the Jefferson County Sheriff, but he did not respond to the complaint. A letter reminding Koury that his response was overdue was returned to the KBA as unclaimed. The sheriff's subsequent attempts to serve Koury were unsuccessful and the sheriffs certificate, signed August 1, 2008, indicated that Koury had moved to Florida, but no address was provided. Pursuant to SCR 3.175, the KBA Executive Director was served. The Director's attempt to serve Koury was likewise unsuccessful and Koury never filed a response to the complaint.

Ultimately, the Inquiry Commission charged Koury with violating SCR 3.130–3.4(c) (failure to comply with a court order); SCR 3.130–5.5(a) (engaging in the unauthorized practice of law), and SCR 3.130–8.1(b) (failure to respond to a demand for information from a disciplinary authority). Service of the charges was unsuccessful and Koury has not filed an answer to the charges or otherwise contested the facts as represented by the KBA. As a result, Koury's case came before the Board of Governors as a default case pursuant to SCR 3.210. With one abstention, the Board of Governors unanimously found Koury guilty of the charges.

We adopt the recommended findings of fact and conclusions of law, upon which we approve of the recommended sanction of a 181–day suspension.

Therefore, it is hereby ORDERED that:

1. Jamal A. Koury is adjudicated guilty of violating SCR 3.130–3.4(c), SCR 3.130–5.5(a), and SCR 3.130–8.1(b).

2. Koury is suspended from the practice of law in the Commonwealth of Kentucky for a period of 181 days. Should Koury, thereafter, seek to have his license restored, he must be approved by the Character and Fitness Committee. Further, the Character and Fitness Committee will have an opportunity, should it be appropriate, to impose any requirements regarding the Kentucky Lawyer's Assistance Program (KYLAP) prior to restoration.

3. In accordance with SCR 3.390, Koury is ordered to send letters to all courts in which he has matters pending and to all clients for whom he is actively involved in litigation within ten days of this Order notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Koury shall also provide a copy of such letters to the Director of the KBA. Furthermore, to the extent possible, Koury shall immediately cancel and cease any advertising activities in which he is engaged.

4. Pursuant to SCR 3.450, Koury is ordered to pay all costs associated with these disciplinary proceedings, said sum being $243.40, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 22, 2010.

/s/ John D. Minton, Jr.
    Chief Justice