KENTUCKY BAR ASSOCIATION,
Movant,

v.

Jamal A. KOURY, Respondent.

No. 2010–SC–000119–KB.

Supreme Court of Kentucky.

May 20, 2010.

**OPINION AND ORDER**

The Kentucky Bar Association (KBA) Board of Governors has moved this Court to adjudicate Jamal A. Koury, whose KBA member number is 91224, guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d), and SCR 3.130–8.4(c), and to order that he be suspended from the practice of law for a period of one year to run consecutive to the 181–day suspension ordered by this Court last month on April 22, 2010. *Kentucky Bar Association v. Koury*, 308 S.W.3d 217 (Ky.2010). Koury was admitted to practice law in the Commonwealth of Kentucky on May 1, 2006, and his bar roster address is 7809 Warwick Avenue, Louisville, Kentucky 40222. Based upon the findings and conclusions of the Board of Governors, we adjudicate Koury guilty of the charged offenses and impose the recommended sanction.

This disciplinary proceeding stems from Koury's failure to adequately represent and communicate with Trevor Kelso. Kelso, a resident of England, hired Koury in September of 2006 to represent him concerning a speeding ticket that Kelso received while visiting the United States. Kelso was traveling through Colorado when he received the speeding ticket, but was set to return to England prior to his court date. Kelso hired Koury, giving him a $1,500.00 retainer. Subsequently, Koury sent Kelso an email stating that Koury had gotten the case continued until a certain date and that he would be back in touch with Kelso.

When Kelso did not hear back from Koury, he sent him a couple of emails inquiring about the case, but received no response. Since Kelso was planning another trip to the United States and had not heard back from Koury, Kelso proceeded to contact the Clerk of Delores County, Colorado, to inquire about the status of the case. Kelso was informed that Koury had never been in contact with the Court on his behalf and that an arrest warrant had been issued for Kelso's failure to appear for his initial court date. In April of 2007, Kelso, still unable to reach Koury, worked with the Delores County Court Clerk, arranged a court appearance by telephone,

during which Kelso pleaded guilty to a lesser charge and agreed to pay a fine of $88.50. Consequently, the warrant for his arrest was cancelled. However, the $1,500.00 retainer Kelso paid to Koury was never returned.

In December of 2007, Koury was served with a copy of Kelso's complaint. Koury filed a response. However, the subsequent Complaint issued by the Inquiry Commission was returned, marked "moved, left no address, unable to forward." Pursuant to SCR 3.175, the KBA Executive Director was served. The Director's attempt to serve Koury was unsuccessful and Koury never filed a response to the complaint.

Ultimately, the Inquiry Commission charged Koury with violating SCR 3.130–1.3 (lack of reasonable diligence); SCR 3.130–1.4(a) (lack of communication), SCR 3.130–1.16(d) (failure to protect client's interest upon termination by not refunding the unearned fee) and SCR 3.130–8.4(c) (conduct involving dishonesty, fraud, deceit and misrepresentation). Service of the charges was unsuccessful and Koury has not filed an answer to the charges or otherwise contested the facts as represented by the KBA. As a result, Koury's case came before the Board of Governors as a default case pursuant to SCR 3.210. The Board of Governors unanimously found Koury guilty of the charges.

We adopt the recommended findings of fact and conclusions of law, and given Koury's disciplinary history, we approve of the recommended sanction. Specifically, Koury was suspended from the practice of law in February 2007 for failure to pay bar dues. However, upon receiving information that Koury was continuing to practice law, Koury was charged with failure to comply with a court order, failure to respond to a demand for information from a disciplinary authority, and engaging in the unauthorized practice of law. As in the matter at hand, Koury made an initial response, but then could not be located. These charges led to the 181–day suspension ordered by this Court on April 22, 2010. Accordingly, we impose the recommended sanction in the instant case of a one-year suspension to run consecutive to the previously imposed 181–day suspension.

Therefore, it is hereby ORDERED that:

1. Jamal A. Koury is adjudicated guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d) and SCR 3.130–8.4(c).

2. Koury is suspended from the practice of law in the Commonwealth of Kentucky for a period of one year to run consecutive to the 181–day suspension ordered by this Court on April 22, 2010. Should Koury, thereafter, seek to have his license restored, he must be processed by the Character and Fitness Committee. Further, the Character and Fitness Committee will have an opportunity, should it be appropriate, to impose any requirements regarding the Kentucky Lawyer's Assistance Program (KYLAP) prior to restoration.

3. In accordance with SCR 3.390, Koury is ordered to send letters to all Courts in which he has matters pending and all clients for whom he is actively involved in litigation within ten days of this Order notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Koury shall also provide a copy of such letters to the Director of the KBA. Furthermore, to the extent possible, Koury shall immediately cancel and cease any advertising activities in which he is engaged.

4. Koury is ordered to pay restitution to Mr. Kelso in the amount of $1,500.00.

5. Pursuant to SCR 3.450, Koury is ordered to pay all costs associated with these disciplinary proceedings, said sum being $386.85, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 20, 2010.

/s/ John D. Minton, Jr.
    CHIEF JUSTICE