TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000664-KB

JAMES M. CAWOOD                                                             MOVANT
KBA MEMBER NO. 87653


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                          RESPONDENT


## OPINION AND ORDER

Movant, James M. Cawood, III, moves this Court to impose a suspension from the practice of law in the Commonwealth of Kentucky for a period of one (1) year, to be probated for a period of three (3) years, subject to conditions. Movant was admitted to practice law in the Commonwealth of Kentucky on May 3, 1999. Movant's Kentucky Bar Association ("KBA") member number is 87653 and his bar roster address is 470 Lakeview Drive, Unit 4, Wilder, Kentucky 41071.

### KBA File 20173

In January of 2008, Martha Miller retained Movant to represent her in a lawsuit stemming from the death of her son. For approximately one and one-half years, Movant represented Ms. Miller without issue. However, in the latter half of 2009, Movant failed to advance Ms. Miller's case. Movant also failed to meet Ms. Miller for scheduled appointments, providing her with no advanced notice of his cancellations. Despite Movant's complete abandonment of the case, he would not refund Ms. Miller the unearned portion of his fees.

Consequently, Ms. Miller filed a bar complaint with the KBA. The bar complaint was mailed to Movant's bar roster address along with a request for additional information, but was subsequently returned to the KBA as "Unclaimed." The Office of Bar Counsel attempted to mail the bar complaint and request for additional information to an alternative address in November and December of 2011. However, both mailings were returned to the KBA marked "Unclaimed" and "Unable to Forward." Finally, on February 13, 2012, service was made upon Movant via the Executive Director of the KBA pursuant to Supreme Court Rule ("SCR") 3.175(2).

On November 8, 2012, the Inquiry Commission issued a six-count Charge against Movant alleging the following violations of the Rules of Professional Conduct: Count I, SCR 3.130-1.3 (failure to diligently represent client); Count II, SCR 3.130-1.4(a)(2) (failure to reasonably consult with client about the means by which the client's objectives are to be accomplished); Count III, SCR 3.130-1.4(a)(3) (failure to keep client reasonably informed); Count IV, SCR 3.130–1.16(d) (failure to protect client's interest upon termination of representation, including refunding any advanced payment or fee); Count V, SCR 3.130–8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority); and SCR 3.175(a) (failing to maintain a current address with the KBA).

**KBA File 20736**

Movant's IOLTA Trust Account ("account") held at Huntington National Bank was overdrawn on December 14, 2011, due to a transaction in the

2

amount of $24.50. Thereafter, Movant's account incurred overdraft fees, leaving a negative balance of -$115.38. On January 3, 2012, another transaction was attempted on Movant's already overdrawn account. At that time, Movant's account held a negative balance of -$151.38. On December 29, 2011, and on January 11, 2012, the Office of Bar Council sent correspondence to Movant's bar roster address requesting that he provide the KBA with written explanation as to why the account was overdrawn. The letters were returned to the KBA marked "Not Deliverable as Addressed" and "Unable to Forward."

On June 3, 2013, the Inquiry Commission issued a Charge against Movant alleging a violation of SCR 3.130-1.15(a) (escrow account violations) and SCR 3.175(a) (failing to maintain a current address with the KBA). On June 25, 2013, Movant filed his response to the Charge and admitted to unknowingly violating the Rules of Professional Conduct. On April 7, 2014, KBA Case Files 20173 and 20736 were consolidated.

Movant admits to the misconduct as described in both Charges. In an effort to resolve this consolidated disciplinary action, Movant has negotiated a sanction with the Office of Bar Council pursuant to SCR 3.480(2). The negotiated sanction suspends Movant from the practice of law in the Commonwealth of Kentucky for a period of one (1) year, probated for a period of three (3) years, subject to the following conditions: Movant must continue to comply with the terms of the Kentucky Lawyer Assistance Program ("KYLAP") Supervision Agreement; Movant must sign an authorization, waiver, and release form allowing the KBA and Office of Bar Counsel to access and review

3

his KYLAP records and medical and mental health records; Movant shall return any documents belonging to Martha Miller along with unearned fees in the amount of $256.04; and Movant must attend the Ethics and Professionalism Enhancement Program.

The KBA agrees that the recommended discipline is appropriate and supported by similar cases. In support of its position, the KBA directs the Court to *Kentucky Bar Ass'n v. Gabbard*, 172 S.W.3d 395 (Ky. 2005), *Kentucky Bar Ass'n v. Koury*, 311 S.W.3d 251 (Ky. 2010), and *Kentucky Bar Ass'n v. McCartney*, 232 S.W.3d 516 (Ky. 2007). In *Gabbard*, the disciplined attorney committed eight counts of disciplinary misconduct, stemming from two Charges. 172 S.W.3d at 396. The disciplinary actions were based on Gabbard's failure to perform work on behalf of two separate clients. *Id.* 396-97. He also failed to return unearned fees and provide the KBA with his correct address. *Id.* at 397. Gabbard received a one-year suspension from the practice of law. *Id.* at 399.

In *Koury*, the disciplined attorney was paid a retainer fee of $1,500 to represent his client in a traffic matter. 311 S.W.3d at 252. The client was unable to contact or recoup his retainer fee after a warrant was issued for his arrest due to Koury's failure to appear in court on his behalf. *Id.* The KBA subsequently discovered that Koury provided it with an incorrect address. *Id.* at 253. Ultimately, we sentenced Koury to a one-year suspension. *Id.* It is important to note that the suspension was based on Koury's recent and lengthy disciplinary history. *Id.*

4

Lastly, in *McCartney*, the attorney was disciplined in two separate disciplinary actions. 232 S.W.3d at 516. In both cases, McCartney failed to inform his clients that he had abandoned his law practice after being suspended from the practice of law for not paying his bar dues. *Id.* at 516-17. McCartney not only failed to return his clients' unearned fees, but he also failed to give the KBA a correct address. *Id.* McCartney was suspended from the practice of law for one year. *Id.* at 518.

It is in this Court's discretion to accept the negotiated sanction. *Anderson v. Kentucky Bar Ass'n,* 262 S.W.3d 636, 638 (Ky. 2008). All three of the aforementioned cases present us with similar misconduct, wherein the attorneys failed to adequately represent and communicate with their clients. After doing so, the attorneys failed to return unearned fees. Moreover, the attorneys did not provide the KBA with correct addresses. In each case, the attorney received a suspension from the practice of law for one year. Likewise, a one-year suspension is proper in the case before us. However, we agree with the Movant and the KBA that a probated suspension is more fitting in this situation considering that, unlike in *Gabbard* and *McCartney*, Movant's misconduct affected only one client.

In addition, Movant has presented mitigating factors to persuade us that a one-year suspension, probated for three (3) years is appropriate. These factors illustrate that Movant suffered from an intense addiction to opiates during the time period in which the misconduct occurred. He has since sought and completed rehabilitative services at Transitions, Inc., in Northern

5

Kentucky. Movant has also executed a Supervision Agreement with the Kentucky Lawyer Assistance Program ("KYLAP") and is currently compliant with that agreement.

Based on this mitigating evidence, and in light of similar discipline imposed for analogous misconduct, this Court finds that the consensual discipline proposed by Movant and agreed to by the KBA is appropriate. Therefore, Movant's motion for a probated suspension from the practice of law is hereby granted.

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, James M. Cawood, KBA Member No. 87653, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Movant is hereby suspended from the practice of law in this Commonwealth for a period of one (1) year, probated for a period of three (3) years.

3. Movant's probated suspension is conditioned upon him adhering to the terms of the KYLAP Supervision Agreement. Within twenty (20) days from the date of entry of this Order, Movant must execute and provide the KBA and Office of Bar Counsel with an authorization, waiver, and release form allowing the KBA and Office of Bar Counsel to access and review Movant's KYLAP records and medical and mental health records.

4. Movant's probated suspension is also conditioned upon his full compliance with the terms and recommendations of the KYLAP

Supervision Agreement.

5. Movant shall return any documents belonging to Martha Miller along with unearned fees in the amount of $256.04 within thirty (30) days from entry of this Order.

6. Movant must attend and successfully complete the Ethics and Professionalism Enhancement Program and may not claim Continued Learning and Education credits for attending the program.

7. Movant shall not receive any additional disciplinary charges during the three (3) year probationary period.

8. If Movant fails to comply with any of the terms of discipline as set forth in this Order, upon the Office of Bar Counsel's motion, the Court shall impose the one (1) year period of suspension and require client notification under SCR 3.390(b).

9. Pursuant to SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $232.17, for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: April 2, 2015.

CHIEF JUSTICE

7