**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**David Paul CHINN, KBA Member
No. 11865, Respondent.**

**No. 2001–SC–0857–KB.**

Supreme Court of Kentucky.

Jan. 17, 2002.

## OPINION AND ORDER

The Inquiry Commission of the Kentucky Bar Association charged Respondent, David Paul Chinn, with three counts of unethical and unprofessional conduct. Count I charged Respondent with a violation of SCR 3.130–1.3 for failing to proceed with diligence on behalf of a client; Count II charged him with a violation of SCR 3.130–1.4(a) for failing to communicate adequately with a client and failing to keep the client adequately informed about the status of a matter; and Count III charged him with a violation of SCR 3.130–1.16(d) for failing to return a client's file and the unused portion of an advanced fee upon the client's termination of representation.

After the charges were filed by the Inquiry Commission, the parties, by agreement, submitted the matter to the Board of Governors, pursuant to SCR 3.210(2), as a question of law only. The Board of Governors heard the case at its regular meeting on September 14, 2001. Pursuant to SCR 3.370(10), we adopt the recommendation of the Board of Governors and find the Respondent guilty on all counts and set his penalty as herein described.

These charges arose out of Respondent's representation of Darryl Vantrease in a bankruptcy matter. On February 7, 2000, Respondent filed a Chapter 7 bankruptcy petition on behalf of Mr. Vantrease, who paid Respondent a retainer of $1,000.00 plus a $200.00 filing fee. However, because Respondent failed to file financial affairs schedules as required by the bankruptcy code, the bankruptcy petition was dismissed on February 29, 2000. Respondent never informed Mr. Vantrease of this dismissal.

After discovering the dismissal, Mr. Vantrease attempted to contact Respondent to no avail and finally sought the assistance of another attorney who also

attempted unsuccessfully to contact Respondent. On August 12, 2000, Mr. Vantrease sent a letter to Respondent demanding the return of the retainer and filing fees and the return of his file. Respondent failed to respond to any of these attempted contacts.

At the time Respondent filed the bankruptcy action, Vantrease had at least two civil suits pending against himself, personally, and his company, Kentuckiana Drywall. The dismissal of the bankruptcy petition resulted in a $77,609.98 judgment being entered against Vantrease in April of 2000. Finally, Vantrease filed a complaint with the KBA which resulted in the current action. At the hearing before the Board of Governors, the parties stipulated to the above facts.

According to Respondent, during the time of the conduct in question, he was in the midst of family difficulties, and his home life was totally dysfunctional. Respondent maintains that this factual and personal situation was the reason for his negligent handling of Vantrease's bankruptcy case. Although Respondent claims to have earned the majority of the fee paid to him by Vantrease, he has offered to refund the entire $1,200.00 to Vantrease and to again pursue the bankruptcy matter on his behalf at no charge. This evidence of mitigation was not rebutted at the hearing before the Board of Governors.

After the hearing, the Board of Governors unanimously found Respondent guilty on all three Counts as charged by the Inquiry Commission. However, the Board found that, based on the entirety of the circumstances, this occurrence was an aberration even though there had been a previous private reprimand against the Respondent. The Board recommended a penalty of a thirty-day suspension and repayment of $1,200.00 to Vantrease.

Upon the foregoing facts and charges, the recommendation of the Board of Governors is adopted. Respondent, David Paul Chinn, is hereby found guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a) and SCR 3.130–1.16(d). It is hereby ordered that:

1. Respondent, David Paul Chinn, is suspended from the practice of law in Kentucky for a period of thirty (30) days. This period of suspension shall commence on the date of entry of this Opinion and Order.

2. Respondent is directed to refund $1,200.00 to Darryl Vantrease within thirty (30) days of the entry of this Opinion and Order.

3. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $241.59, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: January 17, 2002.

/s/   Joseph E. Lambert
CHIEF JUSTICE