**KENTUCKY BAR ASSOCIATION,**
**Petitioner,**

v.

**Dennis CARRITHERS, Respondent.**

**No. 2001–SC–0430–KB.**

Supreme Court of Kentucky.

Jan. 17, 2002.

## *OPINION AND ORDER*

Respondent, Dennis Carrithers, (# 10627) of Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky in 1976. In June 1999, the Inquiry Commission issued a three-count charge against Respondent for violations of: (I) SCR 3.130(1.3), failure to act with reasonable promptness in his representation of a client. (II) SCR 3.130(1.4), failure to keep his client reasonably informed about the status of a matter; and (III) SCR 3.130(1.16(d)) (Count III was dropped by the KBA at the Trial Commissioner level).

An evidentiary hearing was held on December 21, 2000. In February 2001, the Trial Commissioner issued her report finding Respondent guilty of Counts I and II, and recommending that Respondent be suspended from the practice of law for a period of sixty (60) days. The Board of Governors thereafter unanimously found Respondent guilty of both charges. However, by a vote of 12–8, the Board voted for a public reprimand. Pursuant to SCR 3.370(9), this Court entered a notice of review on September 27, 2001.

The charges against Respondent stem from his representation of Joe Samuels. Samuels contacted Respondent on March 14, 1994, regarding two claims he wished to pursue. One matter was to collect on a bill for plumbing services Samuels had performed. The case was already pending and Samuels understood that Respondent would take over the case from prior counsel. The second case involved a potential malpractice claim against Samuels' former dentist arising from a root canal procedure which left Samuels with chronic numbness in his lower lip.

At the initial meeting between Samuels and Respondent, there was an agreement that Samuels' former counsel would transfer a $400 fee which Respondent would use to cover expenses on the two matters. Respondent acknowledged that he thereafter opened a file for each case. Further, Respondent contacted another dentist to evaluate the potential malpractice claim against Samuel's dentist. Respondent admitted that he never received a response from the dentist and took no further action to acquire information.

On the collection case, the only action Respondent took was to check the sheriff's computer where he discovered that Samuels' debtor did not own any real property upon which a lien could be attached. Respondent acknowledged during the evidentiary hearing that he forgot about both matters and the two cases remained dormant for three and one half years. In November 1997, Samuels contacted Respondent and demanded the return of his files along with the $400 fee. Respondent did return both.

Respondent's failure to act evidently did not prejudice the collection claim. However, the statute of limitations on the malpractice claim ran in July 1994. Samuels thereafter filed a bar complaint against Respondent.

292

There is no evidence that Respondent's failure to pursue the claims was intentional or willful. However, while Respondent states that he acknowledges and accepts responsibility for his lack of diligence, he appears to shift the blame, at least in part, to Samuels for his failure to inquire about his own case for such a long period of time. In fact, Respondent seems to imply that his lack of diligence is somewhat less egregious since he believes that Samuels would more than likely not have prevailed on his medical malpractice claim.

We are of the opinion that a public reprimand is insufficient, especially in light of the fact that Respondent's conduct caused a statute to run on a potential malpractice claim. In addition, the Board of Governors report indicates that Respondent previously received a private admonition in 1982.

Therefore it is hereby ordered that:

1. Respondent, Dennis Carrithers, is suspended from the practice of law in Kentucky for a period of thirty (30) days. This period of suspension shall commence on the date of entry of this Opinion and Order.

2. In accordance with SCR 3.450, Respondent is directed to pay the costs associated with these disciplinary proceedings against him, said sum being $1,464.16, and for which execution may issue from this Court upon finality of this Opinion and Order.

COOPER, GRAVES, STUMBO, and WINTERSHEIMER, J.J. concur.

LAMBERT, C.J., JOHNSTONE, and KELLER, J.J. would adopt the Board of Governors recommendation.

ENTERED: January 17, 2002.

/s/   Joseph E. Lambert

Chief Justice