KENTUCKY BAR ASSOCIATION,
Movant,

v.

Vickie Lynn HOWARD, Respondent.

No. 2003–SC–0362–KB.

Supreme Court of Kentucky.

Aug. 21, 2003.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association recommends that Respondent, Vickie Lynn Howard, whose last known Bar Roster address is P.O. Box 820, Salyersville, Kentucky, be suspended from the practice of law in the Commonwealth for a period of ninety (90) days. Respondent was admitted to the practice of law in the Commonwealth of Kentucky on November 18, 1983. She received a public reprimand in 1995, for her failure to diligently prosecute a personal injury claim, in violation of SCR 3.130–1.3. *Kentucky Bar Association v. Howard*, Ky., 899 S.W.2d 91 (1995).

In the instant matter, the Inquiry Commission charged Respondent with two counts of professional misconduct. In 1999, Thomas Mullins hired Respondent to represent him in a personal injury action arising out of an automobile accident. Following unsuccessful settlement negotiations, Respondent filed a complaint on Mullins' behalf in the Morgan Circuit Court on April 28, 2000. The summonses for the two defendants named in the complaint were subsequently returned to the Circuit Clerk's office by U.S. Mail as undeliverable. The record indicates that Respondent made no further efforts to secure service of process.

In March 2001, Respondent informed Mullins that she would file a motion for a trial date, but never did so. In April 2001, Mullins rejected a settlement offer of $15,000 and advised Respondent that he wanted a trial. On June 5, 2001, the Morgan Circuit Court issued a notice of dismissal of the case for lack of prosecution. Although the copies of the notice mailed to the two defendants were returned to the Clerk as undeliverable, the copy mailed to Respondent was not returned. After Respondent failed to respond to the notice, the trial court entered an order dismissing the case on June 25, 2001.

In July 2001, Mullins became dissatisfied with Respondent's representation and called the Circuit Clerk's office to inquire about the status of his case. Upon learning the matter had been dismissed, Mullins fired Respondent and thereafter filed a Bar complaint. Mullins, acting on his own behalf, did ultimately settle his case with the insurance company for $15,000.

The Inquiry Commission charged Respondent in Count I with a violation of SCR 3.130–1.3, for failing to act with reasonable diligence and promptness in representing a client. Count II charged Respondent with a violation of SCR 3.130–1.4(a), for failing to keep her client reasonably informed about the status of the matter and promptly complying with reasonable requests for information.

Respondent failed to answer the complaint or respond to the Commission's charge and the record was submitted to the Board of Governors pursuant to SCR 3.210(1). By a unanimous vote, the Board found Respondent guilty of both counts of the charge. Based upon Respondent's prior disciplinary history, the Board recommends a ninety-day suspension. After reviewing the record, this Court adopts the decision and recommendation of the Board of Governors.

Accordingly, it is hereby ORDERED that:

1. Respondent, Vickie Lynn Howard, is suspended from the practice of law in Kentucky for a period of ninety days. The period of suspension shall commence on the date of entry of this order.

2. Pursuant to SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding, said sum being $126.41, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. In accordance with SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law. Respondent shall furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Upon the issuance of said Opinion and Order, Respondent shall immediately, to the extent possible, cancel and cease any advertising activities in which she is engaged.

All concur.

STUMBO, J., not sitting.

ENTERED: August 21, 2003.

/s/ Joseph E. Lambert
Chief Justice