**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Gregory A. GABBARD, Respondent.**

No. 2005–SC–000548–KB.

Supreme Court of Kentucky.

Sept. 22, 2005.

## OPINION AND ORDER

The Board of Governors ("Board") of the Kentucky Bar Association ("KBA") has recommended to this Court that Respondent, Gregory A. Gabbard, who was admitted to practice law in Kentucky on November 1, 1983, whose Bar Roster Address is 3629 Decoursey Avenue, P.O. Box 15196, Covington, Kentucky 41015, and whose KBA Member Number is 23955, be suspended from the practice of law in Kentucky for one year. The Board found Gabbard guilty of eight counts of professional misconduct arising from two disciplinary cases.

The first disciplinary case, KBA File No. 11727, involves the following facts: On August 20, 2003, Linda Scully hired Gabbard to represent her in filing for bankruptcy. She paid him $500.00 and gave him some of the financial documents necessary to complete the bankruptcy petition. In September 2003, Scully paid Gabbard the $450.00 remainder of the agreed upon fee, for a total of $950.00, and gave him the rest of the financial documents necessary to complete the petition. Gabbard informed Scully that he would file the petition and that her debts should be discharged by February 2004.

Scully attempted to contact Gabbard about the status of her case in January 2004, but his office phone had been disconnected and her calls to his residence were not returned. Scully contacted the Kentucky Bar Association, which advised her that Gabbard had been suspended from the practice of law.[1] Scully continued to try to contact Gabbard by phone, and in March or April 2004, she reached an unidentified person at his residence. The person said that her case would proceed immediately, but the bankruptcy petition was never filed.

Scully filed a bar complaint. Gabbard was served with a copy of the complaint on June 2, 2004 and a warning letter on July 16, 2004. He filed a response by letter on July 27, 2004 (dated July 26, 2004) in which he admitted that Scully's allegations were substantially correct. He offered the explanation that he and his wife had been seriously ill in the last half of 2003, though he did not identify or explain the illness, and that he had been forced to reduce his practice to only a few cases because of the illness. Gabbard also claimed that he had not proceeded on Scully's case during the winter of 2003–2004 because he was waiting for Scully to deliver more financial information, and that by the time he received the information, he had been suspended from the practice of law for failure to meet CLE requirements. Finally, Gabbard claimed that he had returned Scully's file to her and that he would return the $950.00 fee she had paid.

Gabbard, however, never returned the fee. The Inquiry Commission charged Gabbard with three counts of professional misconduct arising from these facts. Count I alleged that Gabbard violated SCR 3.130–1.3 by failing to act with reasonable diligence and promptness in representing Scully. Count II alleged that Gabbard violated SCR 3.130–1.4(a) by failing to keep Scully reasonably informed about

---

**1.** Gabbard was suspended from the practice of law by Order dated January 16, 2004 for failure to comply with CLE requirements. He had no prior disciplinary actions.

the status of her case, by failing to promptly comply with reasonable requests for information, and by failing to notify Scully that he was suspended from the practice of law. Count III alleged a violation of SCR 1.130–1.16(d) by failing to return an attorney fee in the amount of $950.00 and for failing to return Scully's financial documents to her.

Gabbard was served with a copy of the charge by a sheriff on February 1, 2005. A warning letter was sent to his bar roster address on February 23, 2005, and the letter was returned as undeliverable on March 1, 2005. Gabbard did not file an answer to the charge, has not communicated with the KBA in any way concerning the charge since the time he was served, and did not appear to defend against the charges before the Board. Thus, the case was heard as a default case. The Board unanimously found Gabbard guilty of all three counts. The Board held its decision as to the penalty in abeyance until the presentation and review of Gabbard's other disciplinary case.

In making its recommendation, the Board noted that Scully had been driven to seek bankruptcy because of bills from a medical emergency and because she had been laid off from her job. She was unemployed for seven months. During that time, she used all of her savings, financed all the equity in her home, and cashed out her interest in her retirement to try to stay current with her bills. When the bankruptcy petition was not filed, Scully received calls from creditors, who also tried to contact Gabbard and found that his phone number had been disconnected and that the bankruptcy petition had not been filed. Scully could not afford to hire another attorney.

The second disciplinary case, KBA File No. 11986, involves the following facts: On December 16, 2002, Darlene Wilson and her siblings hired Gabbard to represent them in probating their mother's estate and to negotiate the payoff of a home equity loan on their mother's real estate. The outstanding amount of the loan was $6,500.00. After funeral and other expenses, there were insufficient funds to pay off the loan. Wilson gave Gabbard the original of her mother's will and paid him a flat fee of $450.00. Wilson is on Social Security Disability, has only a small monthly income, and cannot afford to hire another attorney.

On May 8, 2003, over four months after his representation began, Gabbard sent a letter to the attorney for the bank holding the home equity loan. Gabbard took no other action on behalf of Wilson or her mother's estate as to the loan. Wilson, acting on her own, eventually reached an agreement with the bank as to repayment of the loan. Gabbard never filed a probate action regarding Wilson's mother's estate. Wilson and her siblings unsuccessfully tried to contact Gabbard by phone for several months; his office phone had been disconnected, and calls to his home were not returned. Gabbard never notified Wilson and her siblings that his representation was terminated, and he did not refund the $450.00 fee or return their original documents or their file.

Wilson filed a bar complaint. Service of a copy of the complaint and a later warning letter were attempted both through certified mail and by personal service by the Kenton County Sheriff. Both attempts were unsuccessful, so Gabbard was constructively served through service on the Executive Director pursuant to SCR 3.175(2), with the copy of the complaint arriving on November 5, 2004 and the warning letter on January 12, 2005.

Gabbard did not file a response to the bar complaint. On March 23, 2005, the Inquiry Commission charged Gabbard

with five counts of professional misconduct. Count I alleged that Gabbard violated SCR 3.130–1.3 by failing to act with reasonable diligence and promptness in representing Wilson and her siblings. Count II alleged that Gabbard violated SCR 3.130–1.4(a) by failing to keep Wilson and her siblings reasonably informed about the status of their case and by failing to promptly comply with reasonable requests for information by failing to return phone calls or otherwise communicate with his clients. Count III alleged that Gabbard violated SCR 3.130–1.16(d) by failing to notify his clients that he was terminating representation, by failing to return his clients' file and original documents, and by failing to refund the unearned attorney fee. Count IV alleged that Gabbard violated SCR 3.130–1.5(a) by accepting a fee from his clients, and then failing to file a probate action, negotiate payment of the home equity loan, or take any other action on behalf of his clients. Count V alleged that Gabbard violated SCR 1.120–8.1(b) by failing to respond to the bar complaint.

■ The charge was sent via certified mail to Gabbard's bar roster address, but was returned as undeliverable on March 28, 2005. The Kenton County Sheriff attempted to serve Gabbard with a copy of the charge and reported that his office was vacant. Gabbard was constructively served with a copy of the charge pursuant to SCR 3.175(2) on April 4, 2005. Gabbard did not file an answer to the charge, has not communicated with the KBA in any way concerning the charge since the time he was served, and did not appear to defend against the charges before the Board. Thus, the case was heard as a default case. The Board unanimously found Gabbard guilty of Counts I–IV and found him guilty of Count V by a vote of 17–1.

■ The Board considered the two disciplinary cases jointly for purposes of its recommendation to this Court. In deciding the level of sanction, the Board considered Gabbard's pattern of misconduct, including promises to repay the client's fee in Scully's case and the failure to do so, and the circumstances of Scully and Wilson and the significance of the sums taken from them by Gabbard. The Board also considered the following similar prior cases: *Kentucky Bar Association v. Howard,* 111 S.W.3d 864 (Ky.2003) (ordering ninety-day suspension where attorney failed to file motion for a trial date, failed to respond to a notice of dismissal, and failed to inform client of dismissal of his case); *Kentucky Bar Association v. Perry,* 102 S.W.3d 507 (Ky.2003) (ordering 181–day suspension where attorney told client she was retiring and would no longer represent him, then failed to respond to discovery requests, failed to respond to client's request for his file, and failed to respond to bar complaint); *Kentucky Bar Association v. Chinn,* 64 S.W.3d 289 (Ky. 2002) (ordering thirty-day suspension where attorney filed bankruptcy petition incorrectly, resulting in dismissal, then failed to inform client of dismissal and failed to respond to client's repeated attempts to contact him); *Kentucky Bar Association v. Carrithers,* 64 S.W.3d 290 (Ky. 2002) (ordering thirty-day suspension where attorney agreed to pursue a collections matter and a dental malpractice claim for a client, then did nothing for three and a half years, thus allowing the malpractice limitations period to expire, and failed to return client's files upon request).

The Board, by a 13–5 vote, recommended a one-year suspension in each case, to run concurrently, with a requirement that Gabbard repay the unearned fees with interest. A five member minority voted to impose only a 181–day suspen-

sion. Gabbard has not filed a notice for this Court to review the Board's decision, and we do not elect to review the decision of the Board pursuant to SCR 3.370(8). The decision of the Board is hereby adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Respondent, Gregory A. Gabbard, is suspended from the practice of law in Kentucky for a period of one (1) year. The period of suspension shall commence on the date of entry of this Order and shall continue until he is reinstated to the practice of law by this Court pursuant to SCR 3.510.

(2) Respondent is directed to refund $950.00, with interest at the legal rate, to Linda Scully within thirty (30) days of the entry of this Opinion and Order, and to refund $450.00, with interest at the legal rate, to Darlene Wilson within thirty (30) days of the entry of this Opinion and Order.

(3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $304.06, for which execution may issue from this Court upon finality of this Opinion and Order.

(4) Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

Entered: September 22, 2005.

/s/ Joseph E. Lambert

CHIEF JUSTICE