TO BE PUBLISHED

# Supreme Court of Kentucky

2008-SC-000769-KB

KENTUCKY BAR ASSOCIATION

MOVANT

V.                          IN SUPREME COURT

DANA LEA B. QUESINBERRY                          RESPONDENT

## OPINION AND ORDER

The Movant, Kentucky Bar Association (hereinafter KBA), moves the Court, pursuant to the Respondent's, Dana Lea B. Quesinberry, KBA Member No. 85504, whose bar roster address is P.O. Box 457, Morehead, Kentucky 40351, default under SCR 3.210, to impose a sanction of a one (1) year suspension from the practice of law, for her violations of SCR 3.130-3.4(c) and SCR 3.130-8.1(b) as set forth in KBA file No. 15900. We now adopt Movant's motion and impose such sanction for the reasons set forth below.

Respondent was admitted to practice law in the Commonwealth of Kentucky on October 21, 1994. During the course of her representation of a client in 2006, Respondent timely filed a Notice of Appeal with the Kentucky Court of Appeals on behalf of Larry Arnett on July 26, 2006, and the Court of Appeals assigned the Case Number 2006-CA-01542-MR. Respondent timely filed the Pre-hearing Statement on August 16,

2006. Respondent also filed a Motion to Amend Pre-hearing Statement on November 17, 2006, and the Court of Appeals granted this Motion on December 14, 2006.

On July 9, 2007, the Chief Deputy Clerk of the Court of Appeals filed a Notice, which stated that Appellant's Brief was overdue, and the Notice ordered Respondent, as the Appellant's counsel of record, to file within ten days either a Motion to Dismiss if the case was settled or abandoned or a Motion for Additional Time. Respondent did not file any response to this Notice.

On November 15, 2007, a panel of the Court of Appeals dismissed the appeal of Respondent's client and ordered that Respondent be reported to the Kentucky Bar Association for her inaction in the case.

On December 13, 2007, the Inquiry Commission filed a Complaint against Respondent. Respondent was personally served with the Complaint on January 2, 2008, but has not filed a response to it. The Kentucky Bar Association mailed a reminder letter regarding the Complaint to the Respondent on March 19, 2008 via certified mail, return receipt requested. Respondent personally signed the return receipt for the reminder letter, but did not file a response to the Inquiry Commission's complaint.

On April 14, 2008, the Inquiry Commission issued a two (2) count charge against Respondent alleging violations of SCR 3.130-3.4(c) and SCR 3.130-8.1(b). Respondent was served a copy of the Charge by

certified mail, return receipt requested, on May 6, 2008. Again, Respondent personally signed the return receipt.

Based on the above facts, Count I of the Commission's Charge charged Respondent with a violation of SCR 3.130-3.4(c), which provides, "a lawyer shall not knowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

The same set of facts also supports Count II of the Commission's Charge, which charged Respondent with a violation of SCR 3.130-8.1(b), which provides in pertinent part, "a lawyer in connection with a . . . disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from a . . . disciplinary authority."

As Respondent did not answer the above-described charges, she was before the Board of Governors ("Board") of the KBA by default. The Board, by a vote of 15-0, found by a preponderance of the evidence that Respondent failed to respond to the Notice requiring Respondent to file either a Motion to Dismiss or a Motion for Additional Time to file Appellant's Brief. The Board, by a vote of 14-1, also found by a preponderance of the evidence that Respondent did not respond to a demand for information from a disciplinary authority by failing to respond to the Bar Complaint.

After the Board found Respondent guilty, they considered an appropriate discipline. The Board reviewed Respondent's previous discipline, which consisted of the following:

3

1) A December 28, 2005, private admonition for Respondent's failure to return closing documents to the Small Business Administration after conducting a Small Business Administration loan closing.

2) An October 19, 2006, public reprimand and thirty day suspension probated for one year conditioned on Respondent attending four hours of remedial ethics training for Respondent's failure to file an appellate brief. By order dated April 24, 2008, this Court imposed the thirty day suspension because Respondent failed to attend the four hours of remedial training.

3) A February 21, 2008, 61-day suspension, which required Respondent to notify clients and the courts in which she practices, for Respondent's failure to perform the work related to an adoption proceeding and failure to respond to the client's requests for information about the status of the matter.

4) An April 24, 2008, 181-day suspension for Respondent's failure to perform the required work in a dissolution of marriage action, failure, to respond to the client's requests for information about the status of the matter, and failure to return the unearned fee.

5) An August 21, 2008, 181-day suspension (concurrent with the above-noted 181-day suspension) for Respondent's failure to tender the final divorce decree in a dissolution of marriage action.

6) Lastly, On January 31, 2008, Respondent was suspended by Order of the Supreme Court for failing to pay KBA dues.

At the penalty phase of the Board's deliberations, the Board recommended a suspension of one year consecutive with Respondent's previous suspensions. Also, the Board recommends the costs of this proceeding should be assessed against and paid by Respondent as required by SCR 3.450.

Accordingly, having reviewed the findings of facts, conclusions of law, and the recommendations of the KBA Board of Governors, we now accept the Board's recommendation and enter such an order reflecting Respondent's one (1) year suspension from the practice of law to run consecutively with Respondent's previous suspensions and ordering her to pay all costs.

Thus, it is ORDERED that:

1. Dana Lea B. Quesinberry, KBA Member No. 85504, is suspended from the practice of law for one (1) year to begin on the date of the entry of this order.

2. In accordance with SCR 3.450, Movant is directed to pay all costs, in the amount of $224.99, associated with this proceeding for which execution may issue from this Court upon finality of this order.

All sitting. All concur

ENTERED: December 18, 2008

_____
CHIEF JUSTICE

5