**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Jennifer Sue WHITLOCK, Respondent.**

**No. 2010–SC–000238–KB.**

Supreme Court of Kentucky.

Aug. 26, 2010.

## OPINION AND ORDER

A trial commissioner has recommended that Jennifer Sue Whitlock, who was admitted to practice law in Kentucky on April 16, 1998, whose Bar Roster Address is P.O. Box 171, 1401 Winchester Avenue, Suite 526, Ashland, Kentucky 41105, and whose KBA Member Number is 87562, be suspended for one year for professional misconduct related to her representation of Rebecca Anderson.

Ms. Anderson hired Whitlock in 2007 to represent her in a lawsuit in Elliott County. Ms. Anderson had previously filed suit in small claims court, and Whitlock agreed to withdraw the case from small claims and file it in either district or circuit court. Ms. Anderson signed an agreement with Whitlock on November 1, 2007 and paid her a $200 retainer.

Ms. Anderson next spoke with Whitlock in July 2008, when Whitlock asked for all the evidence related to the case. Ms. Anderson mailed the requested information on July 11, 2008. In August or September, Whitlock told Ms. Anderson that she had won the case and would be sending a check, minus the remainder of the fee.

Ms. Anderson never received such a check, and Whitlock failed to return multiple phone calls. When Ms. Anderson contacted the Elliott Circuit Clerk's office to confirm the status of her case, she was informed that no case existed and that the original small claims complaint had never been withdrawn. Again, Ms. Anderson attempted to contact Whitlock by phone, leaving multiple messages, but she received no response.

Ms. Anderson filed a Bar complaint, which was served on Whitlock on November 26, 2008. Whitlock did not respond to the Bar complaint.

■ In March 2009, the Inquiry Commission issued a formal charge containing six counts. The charge alleged violations of SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing a client; SCR 3.130–1.4(a) for failing to keep the client informed and failing to respond to the client's requests about the status of the case; SCR 3.130–1.15(b) for failing to return the unearned portion of a fee to her client and failing to render an accounting of work performed when asked to do so; SCR 3.130–1.16(d) for failing to protect the client's interests at the termination of representation; SCR 3.130–8.1(b) for failing to respond to the bar complaint; and SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Whitlock filed an answer to the charge in which she admitted the allegations "in that [she] did not file the requested complaint." She provided no other substantive response to the allegations in the charge, though she did allege that she suffered from severe emotional problems, specifically an eating disorder, related to past abuse

and was under the care of a psychotherapist.

Several pre-hearing conferences were subsequently held to discuss witnesses, scheduling, etc. Eventually, the hearing was set for December 1, 2009 to be held telephonically. On the morning of December 1, Whitlock sent an email to bar counsel indicating she would not be participating in the hearing. Bar counsel called a single witness, Ms. Anderson, at the hearing.

After the hearing, the trial commissioner concluded Whitlock was guilty of all six alleged violations of the Rules of Professional Conduct. In recommending a sanction, the trial commissioner reviewed and took into account Whitlock's prior discipline, which included: (1) a private admonition in August 2008, (2) a 30–day suspension in December 2008, with the requirement that she attend the Ethics and Professionalism Enhancement Program presented by Bar Counsel in April 2009, (3) a 181–day suspension for misconduct related to two cases in March 2009, (4) a private admonition in May 2009, and (5) a second private admonition in September 2009.[1]

■ The trial commissioner recommended that Whitlock be found guilty of having engaged in misconduct, be suspended for one year, and be ordered to refund the $200 and return the files and other documents to Ms. Anderson.

Neither Whitlock nor Bar Counsel has filed a notice for this Court to review the trial commissioner's decision as allowed under SCR 3.370(8). As such, the case is before this Court pursuant to SCR 3.360(4) and 3.370(10). Because the trial commissioner's findings and conclusions are sup-

---

. Though the trial commissioner could not have considered it at the time, this Court recently suspended Whitlock from the prac-

tice of law for one year. *See Kentucky Bar Ass'n v. Whitlock*, 311 S.W.3d 246 (Ky.2010).

ported by the record and the law, and because the recommended sanction is appropriate in light of Respondent's history of prior discipline, her failure to respond formally to the charges against her, and the seriousness of the charges, this Court elects not to review the recommendation of the Board as allowed under SCR 3.370(9). Though the trial commissioner's findings and conclusions are advisory only, SCR 3.360(2), because no review has been sought and the Court sees no reason for its independent review, the decision of the trial commissioner is adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Jennifer Sue Whitlock, is found to have committed the misconduct alleged in the charge against her. She is therefore suspended from the practice of law in the Commonwealth of Kentucky for one year from the date of this Order.

(2) Respondent shall refund $200 in unearned fees to her client Rebecca Anderson and shall return Ms. Anderson's file and documents.

(3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $228.97, for which execution may issue from this Court upon finality of this Opinion and Order.

(4) Pursuant to SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association, assuming that this is necessary given that she was already suspended from the practice of law. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: August 26, 2010.

/s/ John D. Minton, Jr.
   Chief Justice