**KENTUCKY BAR ASSOCIATION, Movant**

v.

**D. Anthony BRINKER, Respondent.**

**No. 2012–SC–000386–KB.**

Supreme Court of Kentucky.

Sept. 20, 2012.

### OPINION AND ORDER

The Board of Governors ("Board") of the Kentucky Bar Association ("KBA") recommends that this Court suspend D. Anthony Brinker from the practice of law for one (1) year, consecutive to his current suspension, for violating Supreme Court Rule ("SCR") 3.130–3.4(c) (knowingly disobeying an obligation of the rules of a tribunal); SCR 3.130–8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority); and SCR 3.130–8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Brinker, whose KBA member number is 07614 and whose last known bar roster address is 301 Pike Street, Covington, KY 41011, was admitted to practice law in this Commonwealth on October 1, 1982.

Neither party having filed a notice of appeal, this case comes to the Court pursuant to SCR 3.360(4).[1] Finding the Board's

---

1. SCR 3.360(4) provides in pertinent part    that, within thirty days after the Trial Com-

recommendation is supported by the record and applicable law, this Court declines to review the decision[2] and adopts the Board's recommendation.[3]

From 2009–10, Brinker represented Pleasant Valley, LLC. ("Pleasant Valley"). In addition to representing Pleasant Valley, Brinker was a part owner in the company and served as landlord for Pleasant Valley Plaza, a mixed retail and office space building. Brinker filed suit on behalf of Pleasant Valley in the Boone Circuit Court against former tenant Vorta Decor, LLC. ("Vorta"). Vorta filed a counterclaim naming Pleasant Valley and Brinker individually as defendants. These claims arose from a dispute over a lease agreement. Pleasant Valley claimed Vorta had breached the agreement resulting in $150,000 in damages, while Vorta claimed Pleasant Valley changed the locks on the premises, preventing Vorta from accessing its property. At the time of the lock-out, Vorta had prepaid for five months rent.

The parties entered into a mediation agreement on December 21, 2009, wherein Pleasant Valley agreed to pay $7,500 to Vorta by January 31, 2010. When the deadline passed without payment, Vorta filed a motion to enforce the settlement agreement. The court entered an order granting judgment in favor of Vorta against Pleasant Valley and Brinker in the amount of $7,500 on February 11, 2010. A check in that amount was made payable to the escrow account of Vorta's counsel's firm, Dinsmore and Shohl. The check, however, was received two weeks late and lacked the proper endorsement. As a result, the issuing bank refused to honor the check.

On March 8, 2010, Vorta filed a motion to show cause stemming from Brinker's failure to complete the settlement. Around the same time, Brinker filed a motion to set aside the settlement and judgment.[4] The motions were heard on March 9, 2010, at which time Brinker stated to the court that he would not prevent the cashing of the settlement check. When a check was subsequently made available, Vorta's counsel presented the check for payment on March 18, 2010. The check cleared and Vorta's counsel disbursed the funds.

Sometime after the check cleared, without notifying or consulting with Vorta's counsel, Brinker instructed his bank, Kentucky Federal Savings and Loan, to reverse the charges on the settlement payment check. According to Brinker's affidavit, the bank informed him that reversal on the check may or may not oc-

missioner files his or her report with the Disciplinary Clerk, "either party may file a notice of appeal with the Disciplinary Clerk. If no notice of appeal is timely filed, the entire record shall be forwarded to the Court for entry of a final order pursuant to SCR 3.370(10)." The referenced SCR 3.370(10) was renumbered to SCR 3.370(9).

2. SCR 3.370(8) provides in pertinent part, "If no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision."

3. SCR 3.370(9) provides, "If no notice of review is filed by either of the parties, or the

Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

4. In his motion to vacate the settlement and judgment, Brinker alleged that Vorta owner Victoria Connor failed to supplement her deposition answers with information regarding a separate fraud and embezzlement civil suit. The court denied Brinker's motion, finding that the circumstances did not warrant setting aside the settlement under CR 26.05.

cur.[5] Documents from Vorta's firm's bank indicate that $7,500 was withdrawn by Kentucky Federal Savings and Loan from the firm's IOLTA account on March 26, 2010. Because the Vorta funds were previously disbursed to the client, the revoked funds belonged to Dinsmore and Shohl's other clients.

On March 25, 2010, Brinker filed a second motion to vacate the judgment and settlement. In his motion Brinker argued that Vorta dissolved itself on December 1, 2009, and therefore did not have the legal capacity to enter into the settlement agreement. The court denied the motion, finding that under Kentucky law a dissolved LLC can continue to wind up its business and affairs[6] and dissolution does not suspend a pending proceeding.[7] Vorta moved for sanctions against Brinker under Rule 11. The court ordered sanctions, finding that the March 25 motion was "not warranted by existing law," was "not reasonable at the time considering the circumstances," and was filed without Brinker's having conducted a reasonable investigation of the law. The court ordered sanctions in the amount of $1,500, and also ordered Brinker to return the $7,500 to the Dinsmore and Shohl IOLTA Trust Account within 7 days of the order.

The Inquiry Commission ("Commission") issued a complaint against Brinker on February 23, 2011. With the com-

plaint, Brinker received a letter from the Disciplinary Clerk advising him the Commission required additional information from him regarding the complaint. The letter further warned Brinker that failure to respond to the complaint could result in additional charges pursuant to SCR 3.130–8.1. A three-count charge was issued on November 3, 2011. Brinker failed to respond to the complaint, the request for information, the subsequent reminder letter, and the charge, all of which were served upon him by the Sheriff. Having received no response from Brinker, the matter was submitted to the Board pursuant SCR 3.210(1).[8]

The charge alleged Brinker violated SCR 3.130–3.4(c) (knowingly disobeying an obligation of the rules of a tribunal) in failing to comply with CR 11 in filing his March 25, 2010 motion; SCR 3.130–8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority) in failing to respond to the bar complaint; and SCR 3.130–8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) by representing to the Boone Circuit Court that he would not prevent the settlement check from clearing and subsequently revoking the check. The Board voted nineteen to zero, with one recusal and one absence, to find Brinker guilty on all three counts.

---

5. Brinker further testified in his April 13, 2010 affidavit that, to his knowledge, no such reversal occurred. However, when an attorney fails to respond to a bar complaint, as Brinker did here, the allegation in the complaint is to be taken as confessed. *Kentucky Bar Ass'n v. Roney*, 862 S.W.2d 315, 317 (Ky.1993).

6. KRS 275.300(2) states in pertinent part, "A dissolved limited liability company shall continue its existence but shall not carry on any business except that appropriate to wind up and liquidate its business and affairs."

7. KRS 275.300(4)(b) states in pertinent part, "Dissolution of a limited liability company shall not ... abate or suspend a proceeding pending by or against the limited liability company on the effective date of dissolution."

8. SCR 3.210(1) provides, "If no answer is filed after a Respondent is notified, the Inquiry Commission shall order the record, together with such investigative evidence as may have been obtained, to be submitted to the Board."

Brinker has had prior disciplinary actions that resulted in sanctions. On March 18, 2010, this Court issued an order against Brinker finding him guilty of noncompliance with the annual continuing legal education ("CLE") requirement for the 2008–09 educational year and ordering him to pay a $750 fine. Brinker failed to pay the ordered fine and failed to earn sufficient credits to cure his CLE deficiency. As a result, this Court suspended Brinker from the practice of law on October 21, 2010.[9] On June 10, 2011, the KBA privately admonished Brinker for violation of SCR 3.130–3.4(c) (knowingly disobeying an obligation of the rules of a' tribunal), SCR 3.130–5.5(b)(2) (holding out admission to practice law when not admitted to practice), and SCR 3.130–5.5(a) (practicing law in violation of the regulation of the legal profession in that jurisdiction). Brinker's license remains suspended.

Taking into account Brinker's prior discipline, applicable law, and mitigating factors, the Board recommends that this Court suspend Brinker from the practice of law for one (1) year, consecutive to the current suspension; that there be a review by the Character and Fitness Committee prior to any reinstatement; that he pay restitution of $7,500; and that he pay the $1,500 fine imposed by the Boone Circuit Court and costs of this action in the amount of $964.57. Finding sufficient cause to do so, we adopt the Board's recommendation.

The Board's recommended sanction is consistent with discipline this Court has imposed in similar cases. *Kentucky Bar Association v. Whitlock,* 318 S.W.3d 602 (Ky.2010) (attorney who failed to send her client a check after she told the client that she had won the case and who subsequently failed to respond to a bar complaint suspended for one year); *Kentucky Bar*

*Association v. Jackson–Rigg,* 334 S.W.3d 99 (Ky.2011) (attorney who failed to refund fees after such fees were deemed excessive by the court suspended for one year); *Kentucky Bar Association v. Gabbard,* 172 S.W.3d 395 (Ky.2005) (an attorney's pattern of misconduct warranted a one year suspension and payment of restitution); *Kentucky Bar Association v. Quesinberry,* 275 S.W.3d 177 (Ky.2008) (one year suspension to run consecutively with an attorney's current one year suspension was warranted when she failed to file an appellate brief and subsequently failed to respond to a bar complaint); *Kentucky Bar Association v. Leadingham,* 317 S.W.3d 589 (Ky.2010) (attorney with three previous suspensions subject to review of the Character and Fitness Committee if he ever sought reinstatement).

The Board's recommendation is supported by law and the record. Accordingly, the Court adopts the Board's recommendation and hereby ORDERS:

1. D. Anthony Brinker, KBA Member Number 07614, is suspended from the practice of law in this Commonwealth for one (1) year. This suspension shall run consecutively with the suspension entered by this Court against the Respondent on October 21, 2010;

2. When, or if, D. Anthony Brinker seeks reinstatement of his license, his application shall be reviewed by the Character and Fitness Committee;

3. D. Anthony Brinker is directed to pay restitution of $7,500 to the Dinsmore and Shohl IOLTA Trust Account within thirty (30) days of the entry of this Order;

4. D. Anthony Brinker is directed to pay the $1,500 fine imposed by the Boone Circuit Court within thirty (30) days of the entry of this Order; and

**9.** *Kentucky Bar Association, CLE Commission* v. *Brinker,* 324 S.W.3d 401, 402 (Ky.2010).

557

5. Pursuant to SCR 3.450, D. Anthony Brinker is directed to pay all costs associated with these disciplinary proceedings, in the amount $964.57, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur. SCHRODER, J., not sitting.

ENTERED: September 20, 2012.

/s/ John D. Minton, Jr.
     Chief Justice

**KENTUCKY BAR ASSOCIATION,
Movant**