**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Brian Patrick CURTIS, Respondent.**

No. 2012–SC–000672–KB.

Supreme Court of Kentucky.

Feb. 21, 2013.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that the Respondent, Brian Patrick Curtis, be found guilty of several violations of the

Rules of Professional Conduct and be suspended from the practice of law for 60 days. This Court adopts the recommendation.

Respondent was admitted to the practice of law in the Commonwealth of Kentucky on October 23, 2000; his KBA member number is 88393. His bar roster address is 101 North Seventh Street, Louisville, Kentucky 40202.

The present case, KBA File No. 19269, arises from his representation of Melvin Canter. According to the formal charge against him,[1] Respondent was retained by Canter in June 2010 to handle a family custody matter. Respondent quoted a fee of $1,100, payable in monthly installments; Canter paid the initial installment of $300 on July 2. Canter was arrested on an unrelated criminal charge on July 22, and the next day, he gave his mother a power of attorney to handle funds he was supposed to receive in a settlement for a 2009 car wreck. Ms. Canter picked up the check, which totaled $3,728.25, and gave it to Respondent to place in escrow to be used toward a bond to secure Canter's release from jail. Ms. Canter subsequently paid Respondent two fee installments, each for $300, in August and September.

In September, at a pretrial conference, Respondent told the judge that he had the settlement money in escrow and that the money was available for a bond. However, the bond at that time was set at $25,000, making the settlement money insufficient. The court at that time declined to reduce the bond.

All told, Respondent made approximately three court appearances on behalf of Canter in the various matters. But eventually, he began to not return phone calls

---

1. We rely on the charging document because the Board of Governors' findings of fact cover only procedural matters. However, Respondent did not answer the charge, and thus this case has proceeded as a default case under SCR 3.210.

from Ms. Canter or her son, who called to get the settlement money back.

Later in September, a new attorney was hired. He sent multiple letters to Respondent asking for the settlement money back. In one, he offered to allow Respondent to keep $400 of the settlement funds, in addition to the $900 in fees paid. The new attorney also tried to call Respondent. Respondent did not reply to these attempts to communicate, and he did not return the settlement money.

Eventually, Ms. Canter filed a bar complaint, which led to this case. The new attorney also filed a bar complaint against Respondent; it was merged with this case.

Bar counsel began investigating the matter and sent Respondent a letter asking for information. Respondent did not reply.

Respondent did eventually file an answer to Ms. Canter's bar complaint. His response consisted of a letter explaining his interaction with the Canters. He also blamed his failure to reply to bar counsel's requests for information on ongoing depression.

On June 20, 2012, the Inquiry Commission filed a formal four-count charge. In it, Respondent was alleged to have violated SCR 3.130–1.4(a)(4) for failing to reply to phone calls from Canter and his mother; SCR 3.130–1.15(b) for failing to provide an accounting of the settlement funds when requested by Canter's new counsel; SCR 3.130–1.16(d) by not returning the settlement funds upon the termination of the representation; and SCR 3.130–8.1(b) for failing to respond to bar counsel's request for information about the case.

Respondent did not answer the charge. Thus, it was processed as a default case and was submitted directly to the Board of Governors under SCR 3.210. Under that rule, rather than having a trial commissioner review the case, the record and investigative evidence is submitted directly to the Board for a decision.

The Board voted 18 to 0 to find Respondent guilty of all four charges. Before determining the sanction to recommend, the Board also considered Respondent's prior discipline, which included a private admonition in April 2012 for failing to act diligently and to keep a client informed, and an ongoing suspension for non-compliance with the CLE requirement that began on June 21,2012.

Taking the facts and this prior discipline into consideration, the Board voted to recommend a 60–day suspension from the practice of law. The Board also recommends that the Respondent pay restitution in the amount of $2,328.25; attend the KBA Ethics and Professional Enhancement Program without getting CLE credit for it; and pay the cost of these proceedings as required by SCR 3.450.

At this point neither the KBA nor Respondent has sought review by this Court under SCR 3.370(8). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(9), meaning that the Board's recommendation is adopted pursuant to SCR 3.370(10).

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Brian Patrick Curtis is found guilty of the above-described violations of the Rules of Professional Conduct.

2. Curtis is suspended from the practice of law for 60 days.

3. Curtis shall attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program, successful completion of which requires receiving a passing score on the exam given at the end of the

program, within one year of this order. The requirement to attend this program is separate from and in addition to any other CLE requirements imposed by Court rule or order.

4. Curtis may not apply for CLE credit of any kind for the KBA's ethics program. Curtis must furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the ethics program to allow the Office of Bar Counsel to verify that none of the hours are reported for CLE credit.

5. Within 60 days of this order, Curtis shall refund $2,328.25 to Melvin Canter.

6. In accordance with SCR 3.450, Curtis is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $ 524.21, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., sitting. All concur.

ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.