TO BE PUBLISHED

# Supreme Court of Kentucky

### 2014-SC-000400-KB

FINAL

DATE 12-30-14 _____ P.C.

KENTUCKY BAR ASSOCIATION                                   MOVANT

V.                          IN SUPREME COURT

BRIAN PATRICK CURTIS                              RESPONDENT
KBA Member No. 88393

## OPINION AND ORDER

The Board of Governors (The Board) of the Kentucky Bar Association (KBA) recommends this Court suspend Brian Patrick Curtis (Curtis) from the practice of law for one (1) year and require Curtis to pay restitution. Finding sufficient cause to do so, we adopt the Board's recommendations. Curtis, whose KBA number is 88393 and whose bar address is 101 N. 7th Street, Louisville, Kentucky 40202, was admitted to practice law in the Commonwealth of Kentucky on October 23, 2000.

## I. BACKGROUND.

Pursuant to Kentucky Supreme Court Rules (SCR) 3.160 and 3.190, the Inquiry Commission issued three complaints comprising six charges against Curtis arising out of three separate KBA files. The Board considered the charges jointly, and we continue in that same fashion.

## A. Current Charges.

### 1. KBA File No. 20997.

In January of 2011, Curtis and John Schmidt formed Schmidt Curtis, PLLC to practice law together. On April 12, 2012, Mr. Schmidt filed a petition for dissolution of the PLLC in Jefferson Circuit Court. In the complaint, Mr. Schmidt alleged that, among other things, Curtis skimmed money from the partnership's IOLTA account and changed the locks on the shared office, which prevented Mr. Schmidt from retrieving his clients' files.

On June 22, 2012, the parties entered into an agreed order, and Curtis agreed to take responsibility for a balance owed to a former client, Bridget Foote, and to that end was to pay her $450.00 per month. By August 16, 2012 Curtis had not made any payments to Foote, so Mr. Schmidt made two payments totaling $850.00 to Foote. The Jefferson Circuit Court found that Curtis failed to comply with the agreed order.

On August 23, 2012, the parties entered into another agreed order, and Curtis agreed to assign Mr. Schmidt certain bankruptcy fee checks to repay a $2,567.32 shortfall in the partnership's IOLTA account. When Curtis failed to sign and deliver the checks, the Jefferson Circuit Court found Curtis in contempt for failing to comply with the agreed orders and ordered the Master Commissioner to sign the bankruptcy fee checks on Curtis's behalf.

The Inquiry Commission issued a complaint and subsequently issued charges on February 25, 2014 accusing Curtis of violating SCR 3.130-3.4(c) ("knowingly disobey[ing] an obligation under the rules of a tribunal") and SCR

2

3.130-8.1(b) ("knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority").

## 2. KBA No. File 22340.

On February 21, 2013, this Court found Curtis guilty of violating SCR 3.130-1.4(a)(4) (failure to "promptly comply with [a client's] reasonable request for information"), SCR 3.130-1.15(b) (failure to "promptly render a full accounting" of client funds), SCR 3.130-1.16(d) (failure to "take steps to the extent reasonably practicable to protect a client's interests" upon termination of representation), and SCR 3.130-8.1(b) ("knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority"), suspended Curtis from the practice of law for sixty (60) days, and ordered Curtis to attend the Kentucky Bar Association's Ethics and Professionalism Enhancement Program (EPEP). *Kentucky Bar Ass'n v. Curtis*, 390 S.W.3d 785, 785-86 (Ky. 2013). The charges in that case arose when Curtis received funds from a client for representation in both a child custody and a criminal matter. Curtis abandoned the representation but failed to return the funds. *Id.* at 785. Curtis attended the April 9, 2013 EPEP presentation; however, he failed to pay the registration fee of $200.00. Bar Counsel, who was supervising the presentation, warned Curtis that satisfactory completion of the program required payment of the fee. On April 30, 2013, Bar Counsel sent a letter to Curtis proposing a payment plan and imposing a payment deadline of June 30, 2013. Curtis failed to pay the registration fee. The Inquiry Commission issued a complaint and subsequently issued charges on February 25, 2014 accusing

3

Curtis of again violating SCR 3.130-3.4(c) ("knowingly disobey[ing] an obligation under the rules of a tribunal") and SCR 3.130-8.1(b) ("knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority").

**3.    KBA File No. 21930.**

On March 1, 2012, Curtis agreed to represent Paul and Krystal Krempp in a bankruptcy case. The Krempps paid Curtis One Hundred Twenty Dollars ($120) to retain his services. The Krempps also provided Curtis with original titles to their vehicles and boat and a copy of their 2011 income tax return. Curtis took no further action to represent the Krempps. The Krempps continued to send additional payments to Curtis, but when they discovered Curtis's inaction and were unable to contact him they stopped payment on all of the subsequent checks. Curtis has never repaid the retainer. Mr. Schmidt agreed to take over representation of the Krempps but was unable to retrieve their file from Curtis. As a result, the Krempps had to obtain duplicate titles. Mr. Schmidt filed the bankruptcy petition on behalf of the Krempps on January 10, 2013.

The Inquiry Commission issued a final complaint and subsequently issued charges on February 26, 2014 accusing Curtis of violating SCR 3.130-1.16(d) (failure to "take steps to the extent reasonably practicable to protect a client's interests" upon termination of representation) and SCR 3.130-8.1(b) ("knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority").

4

## B. Prior Discipline.

Before determining the appropriate recommendation, the Board considered Curtis's prior disciplinary history. On April 2, 2012, this Court privately admonished Curtis for violating SCR 3.130-1.3 (failure to "act with reasonable diligence and promptness in representing a client") and 3.130-1.4(a)(3) and (4) (failure to "keep the client reasonably informed" and failure to "promptly comply with [a client's] reasonable requests for information"). The charges arose when Curtis failed to promptly prosecute a divorce action and failed to keep his client reasonably informed.

On June 21, 2012, this Court indefinitely suspended Curtis from the practice of law for CLE-noncompliance. On August 3, 2012, Judge Alan C. Stout indefinitely barred Curtis from practicing before the U.S. Bankruptcy Court for the Western District of Kentucky. Judge Stout based his order on six (6) months of Curtis's inadequate representation resulting in at least 5 (five) dismissals and the fact that Curtis had been indefinitely suspended by the KBA on June 21, 2012.

On January 21, 2013, the KBA privately admonished Curtis for violating SCR 3.130-1.4(a)(4) (failure to "keep the client reasonably informed"), SCR 3.130-1.16(d) (failure to "take steps to the extent reasonably practicable to protect a client's interests" upon termination of representation), and SCR 3.130-8.1(b) ("knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority"). Those charges arose when

5

Curtis failed to stay in contact with a client in a DUI matter and abandoned representation without warning and without returning the file.

As previously noted, this Court, on February 21, 2013, suspended Curtis from the practice of law for sixty (60) days, ordered him to attend EPEP, and to pay $2,328.25 in restitution to a client for violating SCR 3.130-1.4 (a)(4)) (failure to "keep the client reasonably informed"), SCR 3.130-1.15(b) ) (failure to "promptly render a full accounting" of client funds), SCR 3.130-1.16(d) (failure to "take steps to the extent reasonably practicable to protect a client's interests" upon termination of representation), and SCR 3.130-8.1(b) ("knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority"). *Curtis*, 390 S.W.3d at 785-86.

## C. Other Pending Disciplinary Charges.

Since the issuance of the charges addressed in this opinion, the Board found Curtis guilty of four (4) more charges: SCR 3.130-1.3 (failure to "act with reasonable diligence and promptness in representing a client"), SCR 3.130-3.4(c) ("knowingly disobey[ing] an obligation under the rules of a tribunal"), SCR 3.130-5.5(a) ("practice[ing] law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction"), and SCR 3.130-5.5(b)(2) ("hold[ing] out to the public or otherwise represent[ing] that the lawyer is admitted to practice law in this jurisdiction"). The Board is recommending a ninety (90) day suspension, attendance of EPEP, and payment of costs. Those charges are part of a separate proceeding and are currently awaiting consideration by this Court.

6

## D. The Board's Findings of Fact, Conclusions of Law, and Recommendations.

The Board, after summarizing the above, found that Curtis was properly served with the Commission's complaints based on his signature on certified mail receipts. The Board also found that Curtis had been properly served with the formal charges by the Jefferson County Sheriff's Office. Curtis did not file a response or answer to any of the complaints or charges. As a result, Curtis appeared before the Board by default. Based on its findings and after due deliberation, the Board, by a vote of 16-0, recommended that Curtis be found guilty on all six counts. Based on the findings of fact, prior disciplinary history, mitigating factors, and applicable law, the Board recommended that Curtis be suspended from the practice of law for a period of one (1) year to run consecutively with any other disciplinary suspensions; that he be required to pay restitution to the Krempps in the amount of One Hundred Twenty Dollars ($120); and that he pay the costs of this action.

The costs of this proceeding, including amounts incurred after the consideration and vote by the Board, were calculated and certified by the Disciplinary Clerk in the amount of $765.09.

## II. ANALYSIS.

The Board does not recommend Curtis's disciplinary suspension unanimously. Fourteen (14) members voted to suspend Curtis from the practice of law for a period of one (1) year, but two (2) members voted to disbar Curtis permanently from the practice of law. Because reasonable minds have

7

differed as to Curtis's suspension, we turn to previous decisions to review the Board's recommendation.

In *Kentucky Bar Ass'n v. Brinker*, 377 S.W.3d 553 (Ky. 2012), this Court adopted the Board's recommendation of a one (1) year suspension on similar charges. Brinker mishandled client funds and was ordered to return $7,500 to his firm's IOLTA account and pay $1,500 in sanctions. *Id.* at 555. The Board charged Brinker with violating SCR 3.130–3.4(c), SCR 3.130–8.1(b), and SCR 3.130 –8.4(c) ("engaging in conduct involving dishonesty, fraud, deceit or misrepresentation"). *Id.* Brinker, too, had a history of prior discipline: the KBA privately admonished Brinker for violation of SCR 3.130–3.4(c), SCR 3.130–5.5(b)(2), and SCR 3.130–5.5(a); CLE non-compliance resulting in a Seven Hundred Fifty Dollar ($750) fine; and non-payment of that fine resulting in an indefinite license suspension. *Id.* at 556. After reciting these findings of fact, this Court adopted the Board's one (1) year suspension recommendation, saying, "[t]he Board's recommended sanction is consistent with discipline this Court has imposed in [a] similar case." *Id.*

In *Kentucky Bar Ass'n v. Gabbard*, 172 S.W.3d 395 (Ky. 2005), Gabbard engaged in similar behavior, and this Court adopted the Board's recommendation of a one (1) year suspension. Gabbard received Nine Hundred Fifty Dollars ($950) from a client as payment to file a bankruptcy petition. *Id.* at 396. When Gabbard failed to take further action, the client attempted to contact Gabbard numerous times without success. *Id.* Gabbard never filed the petition and failed to refund the retainer. *Id.* The Board charged Gabbard

8

with violating SCR 3.130-1.3, SCR 3.130-1.4(a), and SCR 1.130-1.16(d). *Id.* at 396-97. In a second disciplinary case, Gabbard received Four Hundred Fifty Dollars ($450) from a client to handle an estate settlement. *Id.* at 397. While Gabbard did take some further action to settle the estate, he eventually fell out of contact with the client, never filed a probate action, and failed to refund the retainer. *Id.* The Board charged Gabbard with violating SCR 3.130-1.3, SCR 3.130-1.4(a), SCR 3.130-1.16(d), SCR 3.130-1.5(a) ("a lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount of expenses"), and SCR 1.120-8.1(b). *Id.* at 398. The Board considered the two disciplinary cases jointly and recommended a one (1) year suspension. *Id.* This Court followed the Board's recommendation. *Id.* at 399.

Finally, in *Kentucky Bar Ass'n v. Whitlock*, 318 S.W.3d 602 (Ky. 2010), Whitlock received a Two Hundred Dollar ($200) retainer in exchange for withdrawing a client's case from small claims court and refiling it in either district or circuit court. Less than a year later, Whitlock told the client that she had won the case and would be sending a check, minus the remainder of the fee. *Id.* The client never received such a check, and after failed attempts to contact Whitlock, the client discovered from the court that no new case existed and that the original small claims complaint had never been withdrawn. *Id.* at 603. The Board voted Whitlock guilty of six (6) charges, including: SCR 3.130–1.3, SCR 3.130–1.4(a)(a lawyer shall consult with and keep a client informed about the objectives to be accomplished and the status of the matter), SCR

9

3.130–1.15(b), SCR 3.130–1.16(d), SCR 3.130–8.1(b), and SCR 3.130–8.3(c)[1].

*Id.* When determining the recommended sanction, the Board took into account Whitlock's prior discipline, which included three private admonitions, a 30-day suspension with the requirement that she attend EPEP, and a 181-day suspension for misconduct. *Id.* The Board recommended a one (1) year suspension, and this Court adopted that recommendation. *Id.* at 604.

In light of these prior decisions, we do not find overwhelming cause to depart from the Board's recommendation in the case at bar. Because the Board's findings and conclusions are supported by the record and the law, and because the recommended sanction is appropriate in light of Curtis's history of prior discipline, his failure to respond formally to the charges against him, and the seriousness of the charges, this Court adopts the Board's recommendation and suspends Curtis from the practice of law for one (1) year and requires him to pay restitution and costs.

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, Brian Patrick Curtis, KBA member no. 88393, is suspended from the practice of law in the Commonwealth of Kentucky for one (1) year from the date of this Order to run consecutively with any other disciplinary suspensions;

2. Curtis shall refund $120 in unearned fees to his clients Paul and Krystal Krempp and shall return the Krempp's file and documents;

---

[1] This Rule is now SCR 3.130-8.4(c).

10

3. Pursuant to SCR 3.390, Curtis shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notification to the Office of Bar Counsel, assuming that this is necessary given that he was already suspended from the practice of law;

4. Pursuant to SCR 3.390, Curtis shall, to the extent possible and necessary, immediately cancel and cease any advertising activities in which he is engaged;

5. Pursuant to SCR 3.390, Curtis shall not, during the term of suspension, accept new clients or collect unearned fees; and

In accordance with SCR 3.450, Curtis is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $765.09, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 18, 2014.

_____
CHIEF JUSTICE

11