KENTUCKY BAR ASSOCIATION,
Movant,

v.

Margaret M. JACKSON–RIGG, KBA
Member No. 35338, Respondent.

No. 2010–SC–000684–KB.

Supreme Court of Kentucky.

March 24, 2011.

*OPINION AND ORDER*

The Board of Governors of the Kentucky Bar Association (the "KBA") has recommended to this Court that Respondent, Margaret M. Jackson–Rigg, KBA Member No. 35338, be suspended from the practice of law for one year. Respondent was admitted to practice in 1984; and her bar roster address is 23 West Fourth Street, P.O. Box 785, Maysville, KY 41056–0785.

The charges against Respondent stem from her representation of the estate of Mildred Rose, which commenced in 1997. Respondent received attorney's fees totaling $27,202.00. In 2002, two beneficiaries of the estate challenged the fees as being excessive. The Morgan District Court held a hearing and ultimately determined that the fees were excessive and ordered Respondent to return $8,952.02 to the estate.

Following entry of the court order, Respondent informed the two co-executors of the Rose estate that she did not have the funds to repay the estate. The co-executors, Karl Rose and Fred Rose, entered into an unwritten agreement with Respondent whereby they would pay the estate $8,952.02. Thereafter, according to the agreement, Respondent would repay the funds to the co-executors. Essentially, Karl Rose and Fred Rose loaned $8,952.02 to Respondent.

Respondent filed an Amended Formal Final Settlement reflecting the payments made to the estate by the co-executors. Over two years later, Respondent paid $2,236.01 to Karl Rose. Six months thereafter, she made another payment in the amount of $1,000.00. She made no further payments on the loan, leaving a balance of $5,716.01. About two years later, Karl Rose filed a complaint with the KBA regarding Respondent's handling of the loan.

Respondent submitted a general denial to the KBA. The KBA then requested that she provide information regarding the situation. Respondent did not reply to this request, nor did she reply to a second "reminder" letter from the KBA. The KBA subsequently obtained the Morgan District Court file for the estate of Mildred Rose, which included a detailed affidavit from Karl Rose regarding the loan to Respondent. On March 29, 2010, the Inquiry Commission issued a charge which included five counts.

██ Count I alleged a violation of SCR 3.130–1.5(a) which prohibits unreasonable fees. This count is based on the Morgan District Court's finding that Respondent's fees were excessive. Count II charged Respondent with a violation of SCR 3.130–1.8(a) whereby she entered into a business transaction with Karl Rose and Fred Rose without satisfying the requirements of SCR 3.130–1.8(a)(1)–(3). Count III arises from Respondent's failure to fully refund $8,952.02 to the estate upon termination of her representation as required by SCR 3.130–1.16(d). Count IV relates to Respondent's failure to obey an obligation of a tribunal as required by SCR 3.130–3.4(c). Specifically, this count arises from Respondent's failure to fully refund that portion of her fees that were determined to be excessive. Finally, for her failure to respond to a lawful demand for information from the Office of Bar Counsel, Respondent was charged with a violation of SCR 3.130–8.1(b).

Respondent tendered an answer to the charge, which was returned by the Disciplinary Clerk as untimely. In that tendered answer, Respondent requested that counsel be appointed to represent her. The KBA advised Respondent that her request for counsel did not conform to SCR 3.300 because it was not accompanied by an affidavit of financial need. Nonetheless, the Inquiry Commission issued an order of submission allowing Respondent seven additional days to file a motion to permit late filing of her answer or to request appointment of counsel.

Respondent never responded and the matter went to the Board of Governors as a default case under SCR 3.210(1). The Board voted unanimously that Respondent was guilty of the five counts set forth in the Inquiry Commission's charge. Considering the appropriate discipline, the Board noted that Respondent had been suspended from the practice of law on December 10, 2008 for nonpayment of dues, and that she had not yet been reinstated. It also considered that Respondent had been automatically suspended from the practice of law on June 12, 2010, after pleading guilty to seven felony counts for failure to file Kentucky state income tax returns. Finally, the Board noted that Respondent had received three prior private admonitions.

In light of this disciplinary history, the Board voted unanimously that the proper discipline would be to suspend Respondent from the practice of law for a period of one year. It further recommended that Respondent be ordered to pay restitution to Karl Rose and Fred Rose in the sum of $5,716.01, plus interest.

Respondent did not respond to the Board of Governors' recommendation to this Court, and this Court has not elected to issue a notice of review. Therefore, pursuant to SCR 3.370(10), this Court adopts the decision of the Board and hereby ORDERS that:

1. Margaret M. Jackson–Rigg, KBA Member No. 35338, is guilty of violating SCR 3.130–1.5(a); SCR 3.130–1.8(a); SCR 3.130–1.16(d); SCR 3.130–3.4(c); and SCR 3.130–8.1(b) as alleged in KBA File Number 16644.

2. Margaret M. Jackson–Rigg is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of one (1) year. Said suspension shall be served consecutively to any and all suspensions ordered prior to this date.

3. Pursuant to SCR 3.390, Margaret M. Jackson–Rigg shall send letters to all Courts in which she has matters pending, if any, and to all clients whom she is actively representing, if any, within ten (10) days of this Opinion and Order, notifying them of her inability to continue to represent them and advising them of the necessity of retaining new counsel. Margaret M. Jackson–Rigg shall also provide a copy of such letters to the Director of the KBA and cease advertising activities, if any.

4. Margaret M. Jackson–Rigg is ordered to pay restitution in the amount of $5,716.01, plus interest at the legal rate, to Karl Rose and Fred Rose within ninety (90) days of the entry of this Opinion and Order.

5. Pursuant to SCR 3.450, Margaret M. Jackson–Rigg shall pay the costs of this disciplinary proceeding, said sum being $425.77, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur. SCHRODER, J., dissents.

ENTERED: March 24, 2011.

/s/ John D. Minton, Jr.
    Chief Justice