**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Margaret M. JACKSON–RIGG, KBA Member No. 35338, Respondent.**

**Nos. 2011–SC–000212–KB, 2011–SC–000329–KB.**

Supreme Court of Kentucky.

Oct. 27, 2011.

*OPINION AND ORDER*

The Kentucky Bar Association ("KBA") recommends disciplinary action against Respondent, Margaret M. Jackson–Rigg. She was admitted to the practice of law in the Commonwealth of Kentucky on November 7, 1984. Her KBA Member No. is 35338, and her Bar roster address is 23 West Fourth Street, P.O. Box 785, Maysville, KY 41056.

**KBA File 18794**

On December 10, 2008, Jackson–Rigg was suspended from the practice of law for

nonpayment of bar dues. Approximately three months later, on March 15, 2009, Jackson–Rigg undertook to represent Phillip Lewis's son, a minor, in a matter involving an accident the son had at Big Lots. Around June of 2009, Jackson–Rigg advised Mr. Lewis that Big Lots had offered to settle the claim for $10,000, but that she rejected the offer because she thought the case was worth $12,000. Following this, Mr. Lewis attempted to call Jackson–Rigg several times, but she did not answer and never returned his calls.

Later, in 2009, Mr. Lewis learned that Jackson–Rigg had been suspended from the practice of law. He attempted to retrieve his files from Jackson–Rigg's residence. However, this attempt was unsuccessful, so Mr. Lewis contacted Big Lots. A claims representative for Big Lots informed him that the company had never been contacted by Jackson–Rigg regarding his son's claim.

Mr. Lewis filed a complaint with the KBA on May 17, 2010. The Mason County Sheriff served the complaint on Jackson–Rigg in July of 2010, after several unsuccessful attempts by the KBA to mail it to her. Jackson–Rigg responded, acknowledging that she had represented Mr. Lewis in matters unrelated to his son's injury, but denied undertaking to represent Mr. Lewis's son. She also stated that, upon Mr. Lewis's request, she had given him his files concerning her earlier representation of him.

On October 26, 2010, the Inquiry Commission of the KBA charged Jackson–Rigg with five violations of the Kentucky Rules of Professional Conduct in connection with her representation of Mr. Lewis's son. Count I charged Jackson–Rigg with a violation of SCR 3.130–1.4(a)(4) for failing to

promptly comply with reasonable requests made by Mr. Lewis seeking information regarding his son's claim; Count II charged her with a violation of SCR 3.130–1.4(b) for failing to advise Mr. Lewis of her suspension from the practice of law; Count III charged her with a violation of SCR 3.130–1.16(d) for failing to provide Mr. Lewis with his file materials after he asked her to do so; Count IV charged her with a violation of SCR 3.130–5.5(a) for undertaking to represent Mr. Lewis's son despite her suspension; and Count V charged her with a violation of SCR 3.130–8.4(c)[1] for, among other things, making the statement to Mr. Lewis that she was undertaking to negotiate a settlement with Big Lots when she actually was not.

The Office of Bar Counsel mailed the Charge to four separate addresses, but was unsuccessful in serving Jackson–Rigg. As a result, service was made by delivering the Charge to the Executive Director of the KBA pursuant to SCR 3.175(2).

### KBA File 18781

Jackson–Rigg was evicted from her law office on May 12, 2010. Following the eviction, her landlord scheduled a time for her to pick up the file cabinets and boxes containing client files. Jackson–Rigg, however, did not show up. On June 7, 2010, the client files were sealed and moved to the office of the Mason District Court.

On June 15, 2010, the Inquiry Commission issued a complaint against Jackson–Rigg charging her with failure to properly dispose of the abandoned files. The KBA mailed copies of the complaint to Jackson–Rigg's Bar roster address and to two alternate addresses. The copy sent to the Bar

---

1. At the time of the charge against Jackson–Rigg, this provision was SCR 3.130–8.3(c). Effective July 15, 2009, the rule was renumbered and is currently found at SCR 3.130–8.4(c). The current citation will be used in this opinion.

roster address was received and signed for by someone other than Jackson–Rigg. The other two copies were returned as undeliverable or unclaimed.

Jackson–Rigg sent a response to the KBA on August 6, 2010, explaining that she would take possession of the files "upon a date and time with adequate notice." The KBA replied by giving Jackson–Rigg the location of the files and asking her to provide information on her arrangements to retrieve the files. No response was received from Jackson–Rigg.

On February 23, 2011, the Inquiry Commission of the KBA charged Jackson–Rigg with three violations of the Kentucky Rules of Professional Conduct. Count I charged her with violation of SCR 3.130–1.16(d) for abandoning client files and failing to take steps to protect the information contained in them; Count II charged her with violation of SCR 3.130–3.4(c), with regard to the obligations based in SCR 3.175(1)(a), for failing to maintain a current address with the KBA's Executive Director; Count III charged her with a violation of 3.130–8.1(b) for failing to respond in a disciplinary matter to the KBA's demand for information.

### KBA File 18206

On June 12, 2010, Jackson–Rigg pled guilty to seven felony counts of willfully failing to file state income tax returns and pay state income taxes for the years 2002 through 2008. As a result, she was automatically suspended from the practice of law, pursuant to SCR 3.166(1), and has not been reinstated. The Court entered judgment on the guilty plea on July 8, 2010.

On September 17, 2010, the Inquiry Commission issued a complaint related to the convictions. The KBA mailed copies of the complaint to Jackson–Rigg's Bar roster address and to an alternate address.

The mailing sent to the alternate address was not returned. The mailing sent to the Bar roster address was returned, indicating a second alternate address. A copy was then mailed to the second alternate address, but was eventually returned unclaimed.

On February 25, 2011, the Inquiry Commission of the KBA charged Jackson–Rigg with three violations of the Kentucky Rules of Professional Conduct. Count I charged her with violation of SCR 3.130–3.4(c), with regard to the obligations based in SCR 3.175(1)(a), for failing to maintain a current address with the KBA's Executive Director; Count II charged her with violation of SCR 3.130–8.1(b) for knowingly failing to respond to the Inquiry Commission's complaint and the accompanying request for information; Count III charged her with violation of SCR 3.130–8.3(b) for committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

The Office of Bar Counsel attempted to serve Jackson–Rigg with the Charge by mailing it to her Bar roster address and to the alternate addresses, but none were successful. As a result, service was made by delivering the charge to the Executive Director of the Bar Association pursuant to SCR 3.175(2).

### Recommended Discipline

Having received no response from Jackson–Rigg, these cases were submitted to the Board pursuant to SCR 3.210(1). For clarity, we have combined these files for disposition in this Opinion and Order. On April 13, 2011, the Board of Governors first considered the charges set forth in KBA File 18794 (Case No. 2011–SC–000212–KB) and found Jackson–Rigg guilty of all five counts. The Board rec-

ommended that Jackson–Rigg be suspended from the practice of law for three years consecutive to any other suspension ordered by the Court, and that she be assessed costs in the amount of $348.55.

KBA Files 18206 and 18781 (Case No. 2011–SC–000329–KB) were considered by the Board on May 20, 2011. The Board of Governors unanimously voted to find Jackson–Rigg guilty of all three counts set forth in the Charge in KBA File 18206, as well as all three counts set forth in the Charge in KBA File 18781, and that she be assessed costs in the amount of $597.75. The Board noted numerous aggravating factors: Jackson–Rigg's pattern of misconduct, her multiple offenses, her bad faith obstruction of the disciplinary process, her illegal conduct, and her substantial experience in the practice of law.

The Board also noted Jackson–Rigg's extensive list of prior discipline proceedings. She received three private admonitions between 2001 and 2008. She was privately admonished in 2001 for failing to reasonably and promptly communicate with a client regarding the client's representation; in 2005 for charging an unreasonable fee; and in 2008 for failing to return a client's file and not responding to a lawful demand for information from a disciplinary authority.

Jackson–Rigg has also been suspended from the practice of law three times. The first time was in 2008 for failure to pay her bar dues. The second time was an automatic suspension in June of 2010 as a result of her pleading guilty to seven felony counts involving her failure to file state income tax returns. The most recent time was a one-year suspension in March of 2011 for charging an unreasonable fee (SCR 3.130–1.5(a)); engaging in an improper business transaction with a client (SCR 3.130–1.8(a)); failing to return an unearned fee (SCR 3.130–1.16(d)); failing

to obey a court order (SCR 3.130–3.4(c)); and failing to respond to a demand for information from a disciplinary authority (SCR 3.130–8.1(b)). *Kentucky Bar Ass'n v. Margaret M. Jackson–Rigg,* 334 S.W.3d 99 (Ky.2011).

The Board also considered several Kentucky decisions where an attorney was permanently disbarred based on facts and charges similar to those in this case. *See Kentucky Bar Ass'n v. McDaniel,* 205 S.W.3d 201 (Ky.2006); *Kentucky Bar Ass'n v. Carmichael,* 244 S.W.3d 111 (Ky. 2008). Upon the foregoing facts and circumstances, the Board unanimously recommended that Jackson–Rigg be permanently disbarred.

Pursuant to SCR 3.370(10), we adopt the recommendations of the Board of Governors and hereby find Margaret M. Jackson–Rigg, KBA Member No. 35338, guilty of violating SCR 3.130–1.4(a)(4); SCR 3.130–1.4(b); SCR 3.130–1.16(d); SCR 3.130–5.5(a); SCR 3.130–8.4(c); SCR 3.130–1.16(d); SCR 3.130–3.4(c); SCR 3.130–8.1(b); SCR 3.130–3.4(c); SCR 3.130–8.1(b); and SCR 3.130–8.3(b).

Accordingly, we hereby order that:

(1) Respondent, Margaret M. Jackson–Rigg, KBA Member No. 35338, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky for multiple violations of the Rules of Professional Conduct over an extended period of time.

(2) In accordance with SCR 3.450, Jackson–Rigg is directed to pay costs of the disciplinary proceedings against her associated with KBA File 18794 in the amount of $348.55, and those costs associated with KBA Files 18206 and 18781 in the amount of $595.75, said costs totaling $944.30, for which execution may issue from

this Court upon finality of this Opinion and Order.

(3) In accordance with SCR 3.390, Jackson–Rigg shall, within ten (10) days from the entry of this Opinion and Order: (a) to the extent possible, cease and desist any advertising activities in which she is engaged; and (b) notify, in writing, all courts in which she may have matters pending, and all clients, of her inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All sitting. All concur.

ENTERED: October 27, 2011.

/s/ John D. Minton, Jr.
CHIEF JUSTICE