TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0069-KB

IN RE:  STEVEN O. THORNTON

IN SUPREME COURT

## **OPINION AND ORDER**

Steven O. Thornton, Kentucky Bar Association ("KBA") Member Number 70895, was admitted into the practice of law in the Commonwealth of Kentucky on November 1, 1983. His bar roster address is 1011 Lehman Avenue, Suite 102, Bowling Green, Kentucky 42103.

The Trial Commissioner recommends that this Court revoke Thornton's license to practice law for a period of one (1) year for violating Rule of the Supreme Court ("SCR") 3.130(1.3) (act with reasonable diligence and promptness); 3.130(1.4)(a)(2) and (4) (consult with client on means to achieve client's objectives and promptly comply with requests for information); 3.130(1.16)(d) (take reasonable steps to protect client's interests upon termination of representation); and 3.130(8.1)(b) (failure to disclose necessary fact or respond to request for information in connection with disciplinary matter).

Neither party having filed a notice of appeal, this case comes to the Court pursuant to SCR 3.360(4). This Court has the authority to review the Trial Commissioner's decision. *See* SCR 3.370(9) ("If no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision."). However, under SCR 3.370(10), "If no notice of review is filed by either of the parties, or the Court," then "the Court shall enter an order adopting the decision of the . . . Trial Commissioner . . . relating to all matters."

Finding the Trial Commissioner's recommendation is supported by the record and applicable law, this Court declines to review the decision and adopts the Trial Commissioner's recommendation.[1]

## I.  BACKGROUND

In December 2020, the Malinowskis contacted Thornton to represent them in a foreclosure action in Barren Circuit Court. The Malinowskis paid $5,000.00 that was to be charged against them at the rate of $200.00 per hour. Thornton and Malinowski never entered into a fee agreement and the $5,000.00 was deposited directly into Thornton's operating account.

During the first meeting, Thornton asked the Malinowskis if they had been served and they replied that they had not. However, the Malinowskis were

---

[1] We adopt the Trial Commissioner's recommendation in full but note that there was a scrivener's error on page two (2) of the Trial Commissioner's Opinion in which the Trial Commissioner referenced an Order entered by the Barren Circuit Court on "January 6, 2024." Later in its Opinion, the Trial Commissioner correctly identifies the Order's date as "January 6, 2021."

not before the Barren Circuit Court by service of summons, but instead by Warning Order Attorney.

Thornton contacted Attorney Bobby Richardson and received a copy of the Complaint against the Malinowskis. The Complaint outlined that service on the Malinowskis would be by Warning Order Attorney.

Thornton received a copy of an Order entered by the Barren Circuit Court on January 6, 2021. The Barren Circuit Court Order said that the Malinowskis were before the Barren Circuit Court by Warning Order Attorney and "an attorney Steven O. Thornton, of Bowling Green, Kentucky, contacted Plaintiffs' counsel ostensibly on their behalf, but he has neither entered an appearance nor filed responsive pleadings."

A default judgment was entered against the Malinowskis and the property in question was ordered to be sold. The property was sold by the master commissioner on March 26, 2021. After the property was sold, the Malinowskis sent a request on June 4, 2021, requesting a refund of fees they had paid to Thornton. The refund did not occur until after the complaint was filed in February 2023. This charge was filed on November 14, 2022, by the KBA.

The KBA filed four charges against Thornton. Thornton filed a response to the charges and an evidentiary hearing was held on July 15, 2024.

## II. ANALYSIS

**Count 1**. The first Count filed by the KBA alleged that Thornton violated SCR 3.130(1.3). That section of the rule reads, "A lawyer shall act with

reasonable diligence and promptness in representing a client." Here, Thornton completed *some* action when he called Attorney Richardson to obtain a copy of the complaint against the Malinowskis, but he never filed an entry of appearance with the Barren Circuit Court, nor did he file a response to the complaint.

Thornton was given several notices that a default judgment was to be entered against his clients, but he filed no pleadings with the court. Even the Barren Circuit Court's Order of January 6, 2021, noted that Thornton was the named attorney for the Malinowskis.

Based on the above, and the inaction of Thornton to protect his clients' interests, the Trial Commissioner found that Thornton had violated SCR 3.130(1.3).

**Count 2.** The second Count of the KBA's claim alleged that Thornton had violated SCR 3.130(1.4)(a)(2) and (4). Those sections of the rule read:

> (a) A lawyer shall:
> . . .
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
> . . .
> (4) promptly comply with reasonable requests for information.

A review of Thornton's answer to the charge shows that he admitted to violating these rules. In turn, the Trial Commissioner so found that Thornton had violated this rule.

**Count 3.** The third count brought by the KBA is that Thornton violated SCR 3.130(1.16)(d). That section of the rule reads:

4

(d) Upon termination of representation a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

The facts show that an email was sent from Mr. Malinowski to Thornton on June 28, 2021. In that email, Mr. Malinowski requested that his retainer fee be refunded to him. Thornton testified that he did not specifically recall receiving the email, but he also did not deny that he had received the email. When questioned about when his representation ended, Thornton testified, "I guess right then." The refund check was not returned until February 2023.

The Trial Commissioner found that Thornton had ample time to return the check but chose not to. It was only after the charge was filed (November 14, 2022) and the answer was filed that Thornton returned the fee. The Trial Commissioner found that Thornton had violated 3.130(1.16)(d) by waiting too long to refund the retainer.

**Count 4.** The fourth count brought by the KBA against Thornton is that he violated SCR 3.130(8.1)(b). That section of the rule reads:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

In Thornton's answer to the complaint, he admitted to violating this rule. The Trial Commissioner agreed and found that Thornton had violated SCR 3.130(8.1)(b).

Taking into account the facts, the testimony from Thornton and Malinowski, and the absence of any mitigating factors, the Trial Commissioner recommends that this Court revoke Thornton's license to practice law for a period of one (1) year. Finding sufficient cause to do so, we adopt the Trial Commissioner's recommendation.

The Trial Commissioner's recommended sanction is consistent with discipline this Court has imposed in similar cases. *Kentucky Bar Ass'n v. Whitlock,* 318 S.W.3d 602 (Ky. 2010) (attorney who failed to send her client a check after she told the client that she had won the case and who subsequently failed to respond to a bar complaint suspended for one year); *Kentucky Bar Ass'n v. Jackson–Rigg,* 334 S.W.3d 99 (Ky. 2011) (attorney who failed to refund fees after such fees were deemed excessive by the court suspended for one year).

The Trial Commissioner's recommendation is supported by law and the record. Thornton has not filed a notice to this Court requesting review of the Trial Commissioner's decision and based upon our review of the entirety of the record and precedent, we do not elect to review the decision of the Trial Commissioner under SCR 3.370(9). Accordingly, the decision of the Trial Commissioner is adopted under SCR 3.370(10).

Based upon the foregoing, it is hereby ORDERED as follows:

1. Steven O. Thornton, KBA Member No. 70895, is found guilty of violating SCR 3.130(1.3); 3.130(1.4)(a)(2) and (4); 3.130(1.16)(d); and 3.130(8.1)(b);

2. As discipline for these violations, Thornton is suspended from the practice of law in the Commonwealth of Kentucky for one (1) year;

3. Because Thornton's suspension exceeds 180 days, Thornton must fulfill all relevant requirements under SCR 3.502 for reinstatement;

4. Pursuant to SCR 3.390, Thornton, if he has not already done so, shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of Notice to the Office of Bar Counsel;

5. Pursuant to SCR 3.390, Thornton shall, to the extent possible, immediately cancel and cease any advertising activities in which he is engaged;

6. During the time of his suspension, Thornton shall not accept new clients or collect unearned fees; and

7. In accordance with SCR 3.450(2), Thornton is directed to pay all costs associated with these proceedings against him, said sum being

7

$2,007.62 for which execution may issue from this Court upon finality of this Opinion and Order.

Lambert, C.J.; Bisig, Conley, Goodwine, Keller and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

ENTERED:  April 24, 2025.

_____
CHIEF JUSTICE