**Gregory A. GABBARD, Applicant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2007–SC–000459–KB.

Supreme Court of Kentucky.

Aug. 27, 2009.

---

***OPINION AND ORDER***

The Kentucky Bar Association (KBA) Board of Governors has recommended to this Court that Gregory A. Gabbard's application requesting to be reinstated to the practice of law in the Commonwealth of Kentucky be approved on the condition that Gabbard continue his participation in the Kentucky Lawyer Assistance Program (KYLAP) pursuant to SCR 3.510(3) and SCR 3.510(6). Having reviewed the Board's finding of facts and conclusions of law, we agree with its recommendation and order that Gabbard be reinstated to the practice of law in this Commonwealth.

Gregory Gabbard, whose KBA member number is 23955 and whose bar roster address is 833 Crescent Avenue, Covington, Kentucky 41011, was admitted to practice law in Kentucky on November 1, 1983. On January 16, 2004, Gabbard was suspended from the practice of law for failing to comply with the Continuing Legal Education requirements. Subsequently, on December 20, 2004, and March 23, 2005, the Inquiry Commission issued charges of professional misconduct against Gabbard because of his failure to adequately represent two clients. Gabbard accepted payments from two different clients in exchange for performing legal work in bankruptcy and probate matters. Gabbard, however, did not complete the work and did not return the fees. Gabbard did not contest these charges and admitted that his conduct violated Kentucky's Rules of Professional Conduct. As a result, on September 22, 2005, this Court ordered that Gabbard's license be suspended for one year.

Almost two years after his license was suspended, on June 29, 2007, Gabbard filed an application for reinstatement to the practice of law pursuant to SCR 3.510(3). The Character and Fitness Committee reviewed Gabbard's application, focusing on how his conduct since the time of his suspension reflected on his current moral character and general fitness to practice law. The Committee re-

quested that an independent agent conduct an investigation into Gabbard's recent conduct, which revealed that Gabbard had not engaged in any unlawful practice since his suspension and that Gabbard had refunded the improperly retained fees to his clients within thirty days of his suspension order. The Committee also considered several letters and statements submitted by local attorneys and judges who knew and had practiced with Gabbard. These letters indicated that Gabbard was trustworthy, competent, and deserving of reinstatement. Further, of the individuals contacted by the Office of Bar Admissions and the independent investigator, no one described Gabbard in a negative light or offered any reason why his application for reinstatement should be denied.

Following the investigation, the Committee scheduled an informal meeting with Gabbard on October 7, 2008. At this appearance, Gabbard revealed that he had been an alcoholic for most of his life and that he had used marijuana for many years. He explained that during the time leading up to his misconduct, his addictions and his wife's health problems caused him to become severely depressed, which resulted in dysfunctional behavior. Gabbard admitted that his conduct was unprofessional and regretted that he caused harm to two clients. Having been sober since March 2005, Gabbard stated that he participates in both Alcoholics Anonymous and KYLAP.

On October 28, 2008, the Character and Fitness Committee issued its report finding that Gabbard had shown by clear and convincing evidence that he possessed the requisite character, fitness, and moral qualifications for readmission and recommending that he be reinstated to the practice of law. In its report, the Committee noted that as a condition of his readmission, Gabbard had agreed to enter into a Supervision Agreement with KYLAP for at least five years. After receiving the Committee's report, the Board of Governors voted 17–0 to approve Gabbard's reinstatement application. The Board determined that Gabbard had met all of the requirements necessary for reinstatement and that his conduct since his suspension had demonstrated the appropriate degree of rehabilitation to support readmission.

Considering the Committee's report and the Board's recommendation, both of which strongly favor granting Gabbard's request for reinstatement, this Court agrees that Gabbard has demonstrated his fitness to practice law and is deserving of readmission. This Court acknowledges the Board's unanimous vote to approve Gabbard's application and the Character and Fitness Committee's finding that Gabbard had met the high burden of proof required to warrant reinstatement. Therefore, agreeing that Gabbard has completed all necessary administrative steps, we adopt the Board's recommendation that Gabbard be reinstated to the practice of law conditioned upon his adherence to the requirements set forth in the KYLAP Supervision Agreement. It is hereby ORDERED that:

1. Gregory A. Gabbard's application for reinstatement to the practice of law in the Commonwealth of Kentucky pursuant to SCR 3.510(3) and SCR 3.510(6) is granted upon the condition that Gabbard adhere to the provisions set forth in his KYLAP Supervision Agreement.

2. Pursuant to SCR 3.510(1), Gabbard is directed to pay the costs associated with these proceedings in the amount of $1,415.29, for which execution may issue from the Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 27, 2009.

/s/ John D. Minton, Jr.

CHIEF JUSTICE