**Gregory A. GABBARD, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2007–SC–000459–KB.**

Supreme Court of Kentucky.

April 22, 2010.

### OPINION AND ORDER

Upon motion of the Kentucky Bar Association (KBA), this Court entered an order on January 21, 2010 directing Gregory A. Gabbard to show cause why the conditional reinstatement allowed by this Court in August 2009 should not be revoked due to several violations of the terms of his reinstatement. Gabbard, whose KBA member number is 23955 and whose bar roster address is 3165 Rosina Avenue, Covington, Kentucky 41015, was admitted to practice in the Commonwealth of Kentucky on November 1, 1983. In 2005, this Court suspended Gabbard for a period of one year. *Kentucky Bar Ass'n v. Gabbard,* 172 S.W.3d 395 (Ky.2005). As noted, Gabbard gained conditional readmission in August 2009. *Gabbard v. Kentucky Bar Ass'n,* 291 S.W.3d 221 (Ky.2009). Although he filed a response to the show cause order, Gabbard has failed to show cause why his reinstatement should not be revoked for non-compliance with the established conditions. Accordingly, we grant the KBA's motion and revoke Gabbard's conditional reinstatement.

In August 2009, this Court granted Gabbard's application for reinstatement to the practice of law, conditioned upon his participation in the KYLAP program, his continued compliance with the KYLAP monitoring and supervision agreement, and payment of costs to the KBA in the amount of $1,415.29. Under the KYLAP agreement, Gabbard is subject to random drug and alcohol screens and must be tested at least once every two months. Gab-

bard's compliance report shows that he regularly fails to make required calls into the testing system and, consequently, fails to take the required tests. While he had called into the system 67 times, he had missed approximately 80 calls into the system. In June 2009, Gabbard was selected for a random drug test and passed. Although he did not call in and was not selected for a random test in July 2009, he submitted for a test, and the results were positive for opiates, codeine, and morphine. Since his order of reinstatement, Gabbard has failed to appear for six required random drug tests. In his response to the show cause order, Gabbard explains that his positive drug test was the result of prescription cough medicine containing codeine. He attached records verifying that a diagnosis of pneumonia precipitated a prescription for this medication. However, Gabbard does not dispute the KBA's allegations concerning his failure to call in or submit to random drug tests.

Additionally, the KYLAP agreement requires Gabbard to attend meetings of Alcoholics Anonymous or another approved recovery program at least twice per week. Although Gabbard agreed to keep a log of his attendance, he did not provide it upon request of his KYLAP Director. In his response, Gabbard contends that he attends AA meetings regularly and, in fact, exceeds the frequency required by his KYLAP agreement. And although Gabbard does attach his log record to his response, he admits that his log is woefully inadequate.

Gabbard's KYLAP agreement also requires him to contact his monitor at least bi-monthly, and every week if the monitor so requests. A quarterly report, dated August 3, 2009, revealed that Gabbard had not contacted his monitor by telephone for three months and that the two had only had one face-to-face contact during that period. A subsequent quarterly report indicated that his monitor "had not heard from Greg in 3 months," and that his progress in the recovery program was "unknown." Gabbard admits his failure to report to his KYLAP monitor.

Gabbard also admits that he has yet to pay costs to the KBA as required by the order of conditional reinstatement. He further admits that he owes additional costs in the amount of $1,688.77, certified to the Court by the KBA Character and Fitness Committee, for payment of an investigator. However, Gabbard asserts that he has been unable to pay these costs due to dismal financial circumstances.

Based on the foregoing, the KBA recommends that Gabbard's conditional reinstatement be revoked. In his response, Gabbard set out in detail several unfortunate circumstances, including his own ill health as well as that of his wife, costly surgeries, and loss of employment and loss of health insurance, which contributed to his non-compliance with the conditions of his reinstatement. He, therefore, requests that the Court extend the Show Cause Order for a period of three months to allow him to demonstrate compliance with the Court's orders.

While we acknowledge Gabbard's personal difficulties and commend his history of public service and pro bono work as well as his efforts to support children and grandchildren in need, his non-compliance with the conditions of his reinstatement is simply too substantial to excuse.

Accordingly, it is hereby ORDERED that:

1. Gregory A. Gabbard's reinstatement to the practice of law on August 27, 2009 is revoked and he is suspended from the practice of law in this Commonwealth until reinstated as provided by SCR 3.510.

2. In accord with SCR 3.390, if he has not already done so, Gabbard is directed to notify in writing all clients and all courts in which he has matters pending of his inability to practice law, within ten days from the date of entry of this Opinion and Order. Gabbard is further directed to furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Further, Gabbard shall without delay, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

3. Gabbard is ordered to pay costs to the KBA in the amount of $1,415.29 in accord with this Court's August 27, 2009 order.

4. Gabbard is ordered to pay costs of $1,688.75 to the Character and Fitness Committee in accord with this Court's order of November 10, 2009.

All sitting. All concur.

ENTERED: April 22, 2010

/s/ John D. Minton, Jr.
    CHIEF JUSTICE