TO BE PUBLISHED

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2016-SC-000184-KB

DATE 6-28-16 Elist Groom, D.C.

GREGORY ALAN GABBARD                                              MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                      RESPONDENT


## OPINION AND ORDER

Movant, Gregory Alan Gabbard,[1] admits to violating Supreme Court Rule
(SCR) 3.130(8.4)(b) and SCR 3.130(8.4)(c). Pursuant to SCR 3.480(3), he
requests this Court to enter an order permanently disbarring him from the
practice of law in the Commonwealth of Kentucky. The Kentucky Bar
Association (KBA) has no objection to this request. The motion is granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

KBA File No. 24224 concerns Gabbard's conduct while serving as the
administrator for the estate of James Henry Rawe. Between December 6, 2010
and September 11, 2013, Gabbard unlawfully removed $54,451.43 from the
estate account. On September 15, 2015, in Kenton Circuit Court Criminal
Action No. 15-CR-00215, Gabbard entered a guilty plea to violating KRS
514.070(4), theft by failure to make required disposition of property with a

---

[1] KBA Member No. 23955; bar roster address: 3165 Rosina Avenue, Covington,
Kentucky 41015. Movant was admitted to the practice of law November 1, 1983.

value of $10,000 or more, a class C felony. He was sentenced to five years' imprisonment, probated for five years or until restitution is paid in full. An initial lump sum restitution payment was made at sentencing on November 2, 2015, leaving $28,603.00 to be paid through installments. Following his sentencing, a complaint was filed against Gabbard, KBA File No. 24224.

Gabbard answered the complaint, admitting:

1) he served as the administrator for the Estate of James Henry Rawe (he denied acting as attorney for the estate);

2) during the administration he failed to disburse the funds of the estate properly;

3) some of the estate funds were diverted in his favor and/or otherwise commingled with his personal funds; and

4) after being indicted, he entered a plea to violating KRS 514.070, has been sentenced by the Kenton Circuit Court, and as ordered, is making restitution payments to the Estate.

## II. DISCIPLINE

Based upon these actions, Gabbard admits he has engaged in professional misconduct and violated SCR 3.130(8.4)(b) by "commit[ting] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects" and SCR 3.130(8.4)(c) by "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." He seeks to terminate these proceedings by resigning under terms of permanent

2

disbarment. The KBA has no objection to Gabbard's motion and requests the Court to enter an order sustaining the motion.

Gabbard has prior disciplinary actions. In 2004 he was suspended until he complied with 2002-2003 CLE requirements. In 2005 he was suspended for one year after being found guilty of eight counts[2] of professional misconduct arising from two disciplinary cases, KBA File No. 11727 and KBA File No. 11986, which involved taking payment for but failing to render services and not refunding the unearned fees. *KBA v. Gabbard*, 172 S.W.3d 395 (Ky. 2005). He was conditionally reinstated in 2009. *Gabbard v. KBA*, 291 S.W.3d 221 (Ky. 2009). In 2010, due to his failure to comply with the reinstatement conditions, his reinstatement was revoked. *Gabbard v. KBA*, 308 S.W.3d 213 (Ky. 2010). Gabbard has been suspended since 2010.

In consideration of the current action and after reviewing Gabbard's disciplinary record, this Court concludes that permanent disbarment is the appropriate sanction. The motion to resign under terms of permanent disbarment is granted.

### III.  ORDER

It is therefore ORDERED that:

1) Movant, Gregory Alan Gabbard, KBA Number 23955, 3165 Rosina

   Avenue, Covington, Kentucky 41015, is permanently disbarred from the

---

[2] Gabbard was found guilty of violating Supreme Court Rules 3.130-1.3 (two counts), 3.130-1.4(a) (two counts), 3.130-1.16(d) (two counts), 3.130-1.5(a), and 1.120-8.1(b).

practice of law in the Commonwealth of Kentucky. Disbarment shall commence on the date of entry of this order.

2) Pursuant to SCR 3.390, and to the extent that the has not done so as a result of his prior suspension, Gabbard shall notify in writing, all courts in which he has matters pending of his suspension from the practice of law, and notify in writing all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. "Such notification shall be by letter duly placed in the United States mail within ten days of the date of this Opinion and Order. Gabbard shall simultaneously provide a copy of all such letters to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Gabbard shall immediately cancel and cease any advertising activities in which he is engaged; and

3) Gabbard is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $56.00 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 16, 2016.

_____
CHIEF JUSTICE

4