TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0543-KB

ALECIA LOCOCO                                                    MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                            RESPONDENT


## OPINION AND ORDER


Alecia Lococo, whose Bar Number is 84175 and Bar Roster Address is 1001 Whitewood Bend, LaGrange, Kentucky 40031, requests this Court to approve her Application for Reinstatement to the Kentucky Bar. We approve her application after reviewing the Character and Fitness Committee's findings of her rehabilitated behavior and the Board of Governors's unanimous vote for reinstatement. We find Lococo may be reinstated upon complying with her Kentucky Lawyer Assistance Program (KYLAP) Supervision Agreement and the provisions of SCR 3.510(4), passing the bar examination, and paying the costs in this matter.

## I.  FACTUAL BACKGROUND

This matter involves Alecia Lococo's Application for Reinstatement that came before the Board of Governors in March 2020. Lococo, who was admitted

to the Kentucky bar in 1991, was suspended from the practice of law after two disciplinary actions were brought against her. The first action, resulting in Lococo's temporary suspension, was *Inquiry Commission v. Lococo*, 18 S.W.3d 341 (Ky. 2000). A probable-cause determination was later made in *Kentucky Bar Association v. Lococo*, 54 S.W.3d 164 (Ky. 2001), that Lococo was negligent in maintaining an adequate accounting system for handling client funds and that she misappropriated for her own benefit funds held for others. She was suspended for three years.

In 2006, Lococo was suspended again for six months for conduct that occurred before the first disciplinary action began. Lococo moved for that suspension to run concurrently to the previously imposed three-year suspension. The KBA agreed, and this Court sustained that agreement.

In October 2017, Lococo filed her application for reinstatement under Kentucky Supreme Court Rule (SCR) 3.510. In December 2017 she filed her Questionnaire Response with the Character and Fitness Committee. KBA Bar Counsel and Committee held a reinstatement hearing in October 2019.

At the hearing, Lococo submitted the affidavits of Dr. Stephen Lamb, her psychiatrist, and Phil Wicker, an attorney. The affidavits established that at the time of Lococo's professional misconduct she was suffering from undiagnosed Adult Attention-Deficit Hyperactivity Disorder (ADHD). The affidavits also established that after she was suspended she sought medical treatment and has been compliant with all treatment recommendations for 17 years. In sum, the Character and Fitness Committee found Lococo had

satisfied all requirements for reinstatement, including compliance with all terms of her suspension; that while under suspension she showed she is worthy of the trust and confidence of the public; that she has sufficient professional capabilities to serve the public as a lawyer; she exhibits good moral character; she appreciates the wrongfulness of her misconduct; she has manifested remorse for her professional misconduct; and she has rehabilitated herself from her past mistakes. Additionally, the KBA Bar Counsel agreed to Lococo's reinstatement subject to her having a mentor, given the length of time she had been suspended.

After reviewing the Character and Fitness Committee's findings, as well as the record of Lococo's disciplinary actions, the Board of Governors recommended her reinstatement application be approved. It additionally recommended KYLAP monitoring and mentoring, all the requirements under SCR 3.510(4),[1] completion of the bar exam, and payment of costs in this matter. We adopt the Board of Governors' recommendation.

We have approved reinstatement applications like Lococo's before. In *Gabbard v. Kentucky Bar Association,*[2] an attorney was suspended for one year because of his failure to adequately represent two clients. Gabbard had accepted payments from two different clients but did not complete the work and did not return the fees.[3] When the period of his suspension ended, the

---

[1] Kentucky Supreme Court Rule.

[2] 291 S.W.3d 221 (Ky. 2009).

[3] *Id.* at 221.

3

Character and Fitness Committee recommended a five-year supervision under KYLAP.[4] The Board of Governors voted unanimously to reinstate Gabbard after finding his actions reflected the rehabilitation of his behavior.[5] After considering the Character and Fitness Committee's findings and the Board's recommendations, we accepted Gabbard's application for reinstatement.

While Lococo's suspension was for three-and-a-half years, unlike the one-year suspension discussed in *Gabbard*, we have approved of reinstatement for similar terms of suspension. In *Huffman v. Kentucky Bar Association*,[6] an attorney received a four-year suspension after she was found guilty of engaging in illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit or misrepresentation; and conduct which adversely reflected upon her fitness to practice law.[7] Huffman's ethical violations stemmed from her participation in a monetary kickback scheme to assist an elected official fund a campaign.[8] This Court approved Huffman's application after the Board voted unanimously for reinstatement because she demonstrated rehabilitated behavior and had completed all necessary administrative steps.[9]

We find the circumstances here to be like those in *Gabbard* and *Huffman*. Lococo was suspended for 3.5 years after two disciplinary actions

---

[4] *Id.* at 221–22.

[5] *Id.* at 222.

[6] 14 S.W.3d 555, 556 (Ky. 2000).

[7] *Id.*

[8] *Id.*

[9] *Id.*

were brought against her. Since then, she has been rehabilitated and completed all terms necessary for reinstatement. And the Board of Governors, Kentucky Bar Counsel, and the Character and Fitness Committee endorse reinstatement. For these reasons, we grant Lococo's reinstatement provided she pay all costs related to this action and comply with the conditions of reinstatement.

It is hereby ORDERED that:

1. Alecia Lococo's application for reinstatement to the practice of law in the Commonwealth of Kentucky under SCR 3.510(3) and SCR 3.510(6) is granted upon the conditions that she adhere to the provisions set forth in her KYLAP Supervision Agreement, the provisions of SCR 3.510(4), and that she pass the bar examination.

2. Under SCR 3.510(1), Lococo is directed to pay the costs associated with these proceedings in the amount of $1,179.17, for which execution may issue from the Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: APRIL 29, 2021

_____
CHIEF JUSTICE

5